

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 15, 1972


Mr. John F. Boff
Executive Director
Texas Board of Examiners in the
  Fitting and Dispensing of
  Hearing Aids
Penthouse Apts., Room 105
1212 Guadalupe
Austin, Texas   78701

Opinion No. M- 1219

Re: Whether the Board is
    required to grant a
    reciprocal license to
    a person who has
    neither a residence
    nor place of business
    in Texas.


Dear Mr. Boff:

      In your recent letter you requested the opinion of
this department on the following question:

      "Under Section 1.08 of Article 4566-1.01
    of Vernon's Civil Statutes, is the Board re-
    quired to grant a license by reciprocity to an
    individual who does not intend to live or office
    in the State of Texas?"

      Articles 4566-1.01 through 4566-1.22, Vernon's Civil
Statutes, govern the fitting and dispensing of hearing aids in
Texas.  Article 4566-1.06 sets out the requirements of a person
desiring to take an examination for a license.  Article 4566-
1.08 provides for reciprocal arrangements.

      Attorney General's Opinion No. M-636 (1970) was con-
cerned with a question similar to yours.  That opinion includes
the following language:

      "A careful examination of Article 4566 reveals
    that no residence requirement has been made in any
    part of the statute.  You are therefore advised that
    it is the opinion of this office that any person,

-5978-

wherever resident, who can satisfy the examina-
tion requirements set forth in Section 1.06 of
Article 4566 is entitled to a license to fit and
dispense hearing aids in the State of Texas."
(Emphasis added.)

Attorney General's Opinion No. M-715 (1970) was
concerned with a rule adopted by the Hearing Aid Board read-
ing as follows:

"On and after May 1, 1970, in accordance with
Section 1.06, 1.08, 1.09 of the Article, all persons
applying for licenses shall furnish a physical home
address and a Texas place of business address; a
post office box is not acceptable."

Opinion No. M-715 includes the following language:

"We find no requirement under the provisions
of Article 4566-1.06, 1.08 or 1.09 or any other of
the provisions of the Act which specifically require
an applicant for a license in this state to fit and
dispense hearing aids to have a 'physical' residence
and business address within the State of Texas.

". . .

"Since we find no express or implied authority
for such a rule, we hold that it is void and unen-
forceable."

Your inquiry dealt specifically with Article 4566-1.08.
There is no express requirement in the Article that an appli-
cant for a reciprocity license have a Texas address or place
of business. We do not construe the statute as imposing such
a requirement, especially in view of the fact that there is
clearly no such requirement where an applicant follows the
examination route. A statutory board's rules and regulations
may not impose any additional requirements which are in excess

of the statutory requirements. Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex.Civ.App. 1962, error ref.); 73 CJS 415, Public Administrative Bodies, Sec. 94; 2 Am.Jur.2d, 29, Admin. Law, Sec. 301; Attorney General's Opinion M-609-A (1970). An administrative agency may not make an additional licensing requirement. Blatz Brewing Co. v. Collins, 69 Cal. App.2d 639, 160 P2d. 37 (1945).

In view of the foregoing, you are advised that your Board may not require an applicant for a reciprocity license under Article 4566-1.08 to have a Texas residence or a Texas place of business.

## S U M M A R Y

The Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids is not authorized to impose on an applicant for a reciprocity license under Article 4566-1.08, Vernon's Texas Statutes, a requirement that he have a residence or a place of business in Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sally Phillips
Jerry Roberts
Lewis Jones
Bill Craig

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant