SKELTON, County Auditor, et al. v. CAMERON COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. 5.

No. 8829.

Court of Civil Appeals of Texas. San Antonio.

April 20, 1932.

Rehearing Denied May 11, 1932.

Davenport, West & Ransome, of Brownsville, for appellant.

Rentfro & Cole, of Brownsville, J. H. Mitchell, of La Feria, and H. L. Yates, of Brownsville, for appellee.

FLY, C. J.

Appellee applied for an injunction to restrain the auditor, Skelton, from interfering with management of the affairs of the district, from attempting to require officers of the district to file bills of the district with him before discharging the same, from attempting to countersign the bills and warrants of the district, and in short to take any action in any manner interfering with the district and its board of directors in the management and control of its property, and to command the Merchants' National Bank of Brownsville, its depository, to pay warrants drawn on its funds therein regardless of any attempted interference upon the part of the auditor. Ten other water districts intervened in the suit, adopting the pleadings of the appellee herein. The court granted a temporary injunction restraining the auditor, as prayed in the petition. Skelton prosecuted this appeal.

Article 1667 specifically and fully grants the powers of the county auditor in the exercise of which he was restrained. The article is ratified and approved in House Bill 69, chapter 38, page 62, Second Called Session 42d Legislature (Vernon's Ann. Civ. St. art. 1667). Every kind and character of districts created as political divisions by the state, whether already in existence or afterwards created, were included.

It is claimed that, because the Water Control & Improvement District was created by a constitutional provision adopted after the original act became a law, that law has no reference to such districts. There is no merit in the contention. The statute refers to and includes all such districts, whether in existence or to be created thereafter, and the law is not in conflict with the law of the creation of such districts as the appellee in this case. The last expression of the Legislature, at the Called Session of 1931, describes and includes in the provisions of article 1667, all "improvement, navigation, drainage, road, or irrigation district, or any other character of district having for its purpose the expendi-

ture of public funds for improvement purposes, or for improvements of any kind, whether derived from the issuance of bonds or through any character of special assessment." The amendment grants the powers of the auditor restrained by the court.

The judgment is reversed, the injunction dissolved, and the cause dismissed.