7(11)



THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

*See H-809*
*H-975*

WILL WILSON
ATTORNEY GENERAL

November 29, 1961

Honorable F. T. Graham          Opinion No. WW-1200
Criminal District Attorney
Cameron County                  Re:  Whether the County Auditor
Brownsville, Texas                   of Cameron County is required
                                     to audit and issue reports
                                     on improvement district
                                     finances, and related
Dear Mr. Graham:                     questions.

          You have requested an opinion from this office on
the following questions:

          "1.  Is the County Auditor of Cameron
     County required to audit and issue reports
     on improvement district finances?

          "2.  Are water improvement districts and
     water control and improvement districts author-
     ized to select an independent auditor to audit
     the books and issue reports on the finances
     of such independent districts?

          "3.  If such water improvement districts
     and water control and improvement districts
     are so authorized, does this fact relieve
     the county auditor from making such audit
     and issuing reports on the finances of such
     improvement districts?"

          Article 1667, Vernon's Civil Statutes, provides in
part that:

          "In all counties which have or may
     have a County Auditor and containing a
     population of one hundred ten thousand
     (110,000) or more . . . and in which
     counties there exists or in which there
     may be created any improvement, naviga-
     tion, drainage, or road or irrigation
     district, or any other character of
     district having for its purpose the
     expenditure of public funds for improve-
     ment purposes, or for improvements of

any kind whether derived from the issuance
of bonds or through any character of
special assessment, the County Auditor shall
exercise such control over the finances of
said district as hereinafter provided."

Article 1671, Vernon's Civil Statutes, provides in
part that:

"The county auditor shall check all
reports required by law to be filed by any
district officer, and within thirty days
after the filing thereof shall make a
detailed report to the commissioners court
showing his finding thereon and the con-
dition of such district as shown by said
report, and as shown by the records of his
office. . . ."

Article 1672, Vernon's Civil Statutes, provides in
part that:

"The county auditor shall receive for his
services in auditing the affairs of such dis-
tricts, such compensation as the commissioners
court may prescribe . . ."

Since the population of Cameron County is in excess
of one hundred ten thousand (110,000), and in turn does not
fall within the population brackets set forth in Articles
1676a, 1676b or 8280-1, Vernon's Civil Statutes, the County
Auditor of Cameron County would be required to perform those
duties set forth in Articles 1667, 1668, 1669 and 1671,
Vernon's Civil Statutes, and specifically the auditing and
issuing of reports on improvement district finances, unless
relieved of such duties by statutory enactment.

Articles 7622-7807n, Vernon's Civil Statutes, deal
with Water Improvement Districts, and Article 7761 thereof pro-
vides in part that:

". . . The directors shall have kept
a complete book of accounts for such district,
and shall on September first of each year
select a competent auditor who shall examine
the accounts, books and reports of the deposi-
tory, the assessor and collector and the direct-
ors, and make a full report thereon, a copy
of which shall be filed with the depository
and a copy with the directors and one with

the county clerk of the county or counties
in which such district is situated.  . . ."

Articles 7880-1-7880-147z6, Vernon's Civil Statutes,
deal with Water Control and Improvement Districts, and Article
7880-45 thereof provides that:

"A complete system of accounts shall
be kept by the district and any district
so electing, in lieu of having audit of
its affairs by one or more County Auditors,
may provide for either monthly, quarterly
or semi-annual audit of its affairs by
an independent public accountant of
recognized integrity and ability, and the
audits shall conform to January 1st as the
end of the fiscal year for the district;
and, any district failing to procure audits
in January and July of each year shall be
subject to audit, and payment of the actual
cost of such audit, for the omitted period,
by the county auditor of the county in which
the district's principal office is situated,
the cost of such audit to be determined by
the Commissioners Court of the particular
county and paid by the district.  Each
report of audit shall be in duplicate, one
of which shall be filed in the district's
office and one filed in the office of the
auditor, where they shall constitute pub-
lic records, open to inspection by any
interested person."

The provisions of both Article 7761 and Article 7880-
45, clearly indicate that it is within the authority of either
a Water Improvement District or a Water Control and Improve-
ment District to select an independent auditor to audit the
books of and issue reports on the finances of such districts.

This, then, raises the third question of whether
or not the County Auditor is relieved from making the audit
and issuing reports on the finances of a Water Improvement
District or a Water Control and Improvement District when such
a district has selected an independent auditor to audit the
books of and issue reports on the finances of such district.

Insofar as Water Control and Improvement Districts
are concerned Article 7880-45 affords an alternative to the
district as to the auditing of the books of the district and
the issuing of reports as to the finances of the district.

If the district so elects, it may ". . . in lieu of having audit of its affairs by one or more County Auditors, provide for . . . audit of its affairs by an independent public accountant . . ." In the event such election is not made, Article 7880-45 provides for the auditing of the books of the district and the issuing of the reports on the finances of the district by the County Auditor. Consequently, we are of the opinion that if a Water Control and Improvement District elects to select an independent auditor, and if such audit and reports are made, the County Auditor would be relieved from the responsibilities of auditing the books of and issuing reports on the finances of the district.

However, insofar as Water Improvement Districts are concerned, the decision in the case of Skelton v. Cameron County Water Control & Improvement Dist. No. 5, 49 S.W.2d 510 (Civ.App. 1932, error dism'd.) is pertinent. While this case dealt with a Water Control and Improvement District, rather than a Water Improvement District, the language of Article 7880-45 at the time of the decision in this case is important, and it is set forth as follows:

> "A complete book of accounts shall be kept. During the first week of each year a competent auditor shall be employed who shall examine the account books and records of the district, of the depository and of the tax assessor and collector and make a report thereon. Said report shall be in triplicate, one copy being filed in the office of the district, one with the depository of the district, and one copy in the office of the auditor, all of which shall be open to public inspection."

As can be readily seen, the provisions of Article 7880-45 at the time of the decision in Skelton v. Cameron County Water Control & Improvement Dist. No. 5, supra, were almost identical to those provisions presently found in Article 7761, which pertain to Water Improvement Districts. Consequently, it is logical to assume the courts would follow the reasoning and result reached in Skelton v. Cameron County Water Control & Improvement Dist. No. 5, supra. This case arose as a result of the Water Control and Improvement District obtaining an injunction against the County Auditor whereby he was restrained from interfering with or taking any action in regard to the district or its board of directors. On appeal the judgment of the trial court was reversed, the injunction against the County Auditor dissolved, and the cause dismissed. The Court of Civil Appeals in its opinion stated:

Honorable F. T. Graham, page 5 (WW-1200)

> "Article 1667 specifically and fully grants the powers of the county auditor in the exercise of which he was restrained."

As a result of the decision in <u>Skelton v. Cameron County Water Control and Improvement Dist. No. 5, supra,</u> the similarity of the provisions contained in Article 7880-45, at the time of the decision in the foregoing case and the present provisions of Article 7761, we must therefore conclude that the selection of an independent auditor by a Water Improvement District does not relieve the County Auditor from making audits and issuing reports on the finances of Water Improvement Districts.

### S U M M A R Y

1. The County Auditor of Cameron County is required to audit and issue reports on those improvement districts set forth in Article 1667 unless relieved by other statutory enactment.

2. Water Improvement Districts and Water Control and Improvement Districts are authorized to select an independent auditor to audit the books and issue reports on the finances of such districts.

3. If a Water Control and Improvement District elects to select an independent auditor to audit the books of and issue reports on the finances of such district, and such audit and issuance of reports is made, the County Auditor would be relieved from making such audit and issuing such reports.

The selection of an independent auditor by a Water Improvement District does not relieve the County Auditor from auditing the books of or issuing reports on the finances of such district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Pat Bailey_
    Pat Bailey
    Assistant

PB:ds:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. O. Shultz, II
Leslie King
James H. Broadhurst
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.