

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 7, 1977

The Honorable Robert E. Schneider        Opinion No. H- 975
Executive Director
Texas Water Rights Commission            Re:  Auditing require-
Stephen F. Austin State Office Bldg.     ments for water districts.
Austin, Texas   78701

Dear Mr. Schneider:

You inquire about audit requirements for water districts. In 1973, the Legislature enacted a bill, now codified in sections 50.371-.376 of the Water Code, requiring an annual audit of all districts created pursuant to article 3, section 52(b)(1) and (2), and article 16, section 59 of the Texas Constitution.  Water Code § 50.001(1).  A number of pre-1973 enactments deal with audit and accounting requirements for some of the same water districts.  You ask whether the 1973 legislation impliedly repealed certain existing audit statutes and if not, how apparent inconsistencies between old and new audit requirements can be resolved.

The 1973 act requires the governing bodies of certain water control and improvement districts, fresh water supply districts, utility districts and other districts created under general or special law to provide water and sewer ser-vices to have the district's accounts audited each year according to generally accepted accounting principles by a certified public accountant or public accountant holding a permit from the Texas State Board of Public Accountancy. Water Code §§ 50.371(a),(b); 50.372.  Accounts kept by a district depository or treasurer must also be available for audit.  Id. § 50.373.  The Act requires the audit to be completed within 120 days after the close of the district's fiscal year.  Id. § 50.371(c).  The audit report must be filed with the Texas Water Rights Commission, the district office, and either the county clerk or a designated city official, depending on the location of the district.  Id. § 50.374. Other sections require the Water Rights Commission to review the audit and provide for enforcement of the Act.  Id. §§ 50.374, 50.375, 50.376.

Other Water Code sections governing audits for water districts are as follows:  Section 50.021 (districts within counties of 500,000 or more); section 51.359 (control and improvement districts); section 53.149 (fresh water supply districts); section 54.309 (municipal utility districts); section 55.429 (water improvement districts); section 56.181 (drainage districts); section 57.173 (levee improvement districts); and sections 61.213, 62.158 and 63.224 (navigation districts).  You suggest that these provisions have been impliedly repealed.

The law does not favor repeal by implication but instead will attempt to reconcile apparent conflicts between different laws relating to the same subject.  Gordon v. Lake, 356 S.W.2d 138 (Tex. 1962).  Where a conflict does exist between two statutes, the last enacted, as the most recent expression of legislative intent, will control and impliedly repeal inconsistent prior enactments.  Commercial Standard Fire and Marine Co. v. Commissioner of Insurance, 429 S.W.2d 930 (Tex. Civ. App. -- Austin 1968, no writ); Attorney General Opinion H-90 (1973).

In the most part, the 1973 audit requirements do not conflict with prior laws on the subject.  Where the new provisions differ from the old they are more often repetitive or cumulative of them than inconsistent with them.  Most of the pre-1973 statutes require a yearly audit without stating how it should be done.  The district's compliance with the detailed specifications set out in sections 50.371-.376 will usually fulfill its responsibilities under prior law.

The pre-1973 statutes impose on certain districts additional responsibilities not required by sections 50.371-.376.  These districts must comply with both enactments. For example, some of the older statutes require the audit report to be filed with the county auditor or in another office not required by section 50.374.  Water Code §§ 50.021(c), 51.359(c), 53.149(b), 55.429(b), 62.158(d), 63.224(c).  We believe that the filing provisions are cumulative, and that the district must file its report in all locations specified by both statutes.

Some of the pre-1973 statutes prescribe different qualifications for the auditor than does section 50.371(b), which specifies that he must be "a certified public accountant or public accountant holding a permit from the Texas State

Board of Public Accountancy."  For example, certain earlier provisions require a "competent person . . . qualified under law" or a "competent auditor."  Water Code §§ 50.021(b), 55.429(a).  Others permit the district to have either the county auditor or an independent public accountant perform the audit.  Water Code §§ 51.359(a), 62.158(b), 63.224(b). Others specify that a certified public accountant must perform the audit.  Water Code § 54.309(a).  In most cases, appointment of an auditor who qualifies under section 50.371(b) will also fulfill the requirements of the earlier provisions. If the county auditor has the qualifications required by section 50.371(b), he may be appointed.  Where a district cannot comply with both section 50.371(b) and the earlier provision, it should comply with section 50.371(b) as the latest expression of legislative intent as to the auditor's qualifications.  See Attorney General Opinion H-40 (1973).

Section 50.371(c) requires that the audit be completed within 120 days of the close of the fiscal year, while sections 53.149 and 55.429 require completion within a shorter period of time.  These provisions are not facially irreconcilable, since an audit completed within one month of the end of the fiscal year, is necessarily completed within 120 days thereof. However, since the 120 day time allowance may be necessary to secure an audit performed according to generally accepted auditing standards as directed in section 50.372, we believe the Legislature intended to allow the district 120 days in which to complete the audit.  Construed as an affirmative provision to allow the auditor 120 days, section 50.371(c) is inconsistent with earlier statutes providing less time and therefore impliedly repeals those provisions.  All districts will have 120 days in which to complete the audits required by section 50.371 et seq. and by the relevant specific statute.

Although most of the pre-1973 statutes require annual audits, section 51.359(b) requires water conservation and improvement districts to have semi-annual audits, while section 51.359(a) permits these districts to have monthly or quarterly audits as well.  We believe that the provision requiring two audits, each of which would cover only a six month period, is inconsistent with and impliedly repealed by the more recently enacted law requiring an annual audit covering a full year's transactions.  We do not believe that sections 50.371-.376 are inconsistent with section 51.359(a). The district is still permitted to have optional quarterly or monthly audits in addition to the required annual audit.

The older statutes contain no penalty for failure to audit while section 50.374(e) and (f) provide a civil penalty. This difference is not an inconsistency.  It merely means that districts subject to the requirements of sections 50.371-.376 are also subject to its penalty provisions for violations thereof.  Similar violations of the old statute do not subject them to any penalty.

The pre-1973 provisions for some districts require the county treasurer to act as district treasurer and give him responsibilities related to the day-to-day handling of funds. Water Code §§ 56.181(c), 57.173(c), 61.213.  These sections require the treasurer to report to the commissioners court about the financial condition of the district.  They do not give either the district or the treasurer any duty to conduct an audit and hence are not inconsistent with sections 50.371-.376.

You suggest that section 50.372, insofar as it directs the Commission to adopt a manual of accounts, is inconsistent with the requirement in section 50.021(b) that the district keep "a complete system of accounts" or the requirements in sections 56.181(b) and 57.173(b) that the county treasurer pay out district funds only on properly signed vouchers. Section 50.372 does not expressly require any departure from these practices mandated by the older statutes.  We do not believe that the Commission may adopt a manual of accounts that requires accounting procedures inconsistent with the procedures required by statute.  See Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex. Civ. App. -- Austin 1962, writ ref'd).  Cf. Garner v. Lumberton Independent School District, 430 S.W.2d 418, 423 (Tex. Civ. App. -- Austin 1968, no writ)(grant of authority to administrative body to suspend legislative act not favored).

You also ask about the effect of the 1973 law on articles 1667 through 1671, V.T.C.S.  Article 1667 applies to counties of a specified population which have a county auditor and in which exists an improvement, navigation, drainage or road district.  The county auditor is to exercise financial control over these districts as provided in articles 1668 through 1671.  V.T.C.S. art. 1667.  These provisions give him certain responsibilities for supervising district funds, such as keeping accounts, auditing and approving bills for district expenditures and countersigning warrants. V.T.C.S. arts.

1668, 1669, 1671.  He also checks reports that district of-
ficers are required to file and informs the commissioners court
of the condition of the district as revealed by the reports.
V.T.C.S. art. 1671.

County auditors in counties with a population of 330,000
or more have additional responsibilities.  They must prescribe
the accounting system, forms and procedures used by the dis-
trict and must make monthly and annual reports "similar in
all respects to those required of him concerning county
finances."  V.T.C.S. art. 1670.  In these monthly and annual
presentations to the commissioners court and district judge,
the county auditor reports the condition of each account, re-
ceipts and disbursals from each fund, indebtedness and other
information he deems proper.  V.T.C.S. art. 1665.  Thus, articles
1667 through 1671 authorize the county auditor to supervise
district finances on a day-to-day basis, and require him to
keep the county commissioners informed about the financial
state of the district.  These articles do not require county
auditors to perform the kind of comprehensive annual audit
mandated by section 50.371 of the Water Code, although auditors
in counties of 330,000 or more must submit some kind of audit
results to the Texas Water Rights Commission.  Sections 50.374
and 50.375, however, require the Commission to receive and
review the audit report of each district.

Because the 1973 enactment differs from sections 1667
through 1671 in both its purpose and in the kind of accounting
procedure it requires, we believe it is not in conflict with
the earlier legislation.  Although county auditors in counties
of 330,000 or more may duplicate some of the work done by a
public accountant appointed under section 50.371, such overlap
merely reflects the nature of improvement districts which
are of local and statewide concern.  See Tex. Const. art. 16,
§ 59(a), (e).  In addition, this office has determined that
the county auditor was not relieved of his article 1667 duties
by legislation requiring the district to have an annual audit
done by an outside auditor.  Attorney General Opinions H-809
(1976), WW-1200 (1961); see Skelton v. Cameron County Water
Control & Improvement Dist. No. 5, 49 S.W.2d 510 (Tex. Civ.
App. -- San Antonio 1932, writ dism'd).

You also ask about the effect of sections 50.371-.376 on
articles 1676a and 1676b, V.T.C.S., each of which applies to
districts in counties within specified population brackets.
Articles 1676a and 1676b expressly supersede other audit
requirements and state that only their provisions along with
certain other statutes shall apply to their respective districts.

V.T.C.S. art. 1676a, §§ 3, 4; 1676b, §§ 3, 4.   Sections
50.371-.376, on the other hand, apply to all water districts
and therefore conflict with articles 1676a and 1676b.   We
believe that sections 50.371-.376 impliedly repeal the
conflicting provisions of articles 1676a and 1676b.   Thus,
the audit requirements of sections 50.371-.376 apply to
districts described by sections 1676a and 1676b.

Finally, you ask whether the Texas Water Rights
Commission may accept for final filing a water district
audit report prepared by a county auditor not licensed by
the Texas State Board of Public Accountancy when the county
auditor audits a district under the authority of one of the
pre-1973 audit statutes.   An audit report prepared by someone
who lacks the credentials required by section 50.371(b) does
not fulfill the requirements of sections 50.371 through
50.376.   The Water Code directs the Commission to review
the report and notify the district of any violations of law.
Sec. 50.375(a).   The district must remedy objections and
correct violations of which it has been notified before finally
filing the report with the Commission.   Water Code § 50.375(b).
If the district does not remedy such objections and violations,
including a violation of the provision which states the
auditor's qualifications, the Commission should not accept
the audit report for final filing.

## S U M M A R Y

Sections 50.371-.376 of the Water Code are
generally consistent with certain other
Water Code provisions on audit require-
ments for water districts, but repeal
provisions on qualifications of the
auditor and time for completing the audit to
the extent of any inconsistency.   Sections
50.371-.376 are not inconsistent with
articles 1667 through 1671, V.T.C.S., but
are inconsistent with articles 1676a and 1676b
and therefore impliedly repeal the latter two
provisions to the extent of any inconsistency.
The Texas Water Rights Commission should not
accept for final filing an audit report
prepared by someone who does not meet the
qualifications of section 50.371(b) but
should inform the district of this violation
and not accept the report until the violation
is corrected.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml