Ross Sterling KELLY, a Minor, by and
through his Next Friend, E. H. Kelly,
Appellant,

v.

INDUSTRIAL ACCIDENT BOARD of Texas
et al., Appellees.

No. 10984.

Court of Civil Appeals of Texas.

Austin.

June 20, 1962.

Rehearing Denied July 11, 1962.

Dunnam, Dunnam & Dunnam, Waco, for appellant.

Will Wilson, Atty. Gen., W. O. Shultz and Pat Bailey, Asst. Attys. Gen., Austin, for appellees.

RICHARDS, Justice.

Ross Sterling Kelly, appellant, a minor, by his next friend E. H. Kelly, filed his petition in the 53rd Judicial District Court of Travis County, Texas, seeking the issuance of a writ of mandamus ordering and directing the Industrial Accident Board of Texas, and J. Overby Smith, Walter Buckner and Leonard Carlton, its members, appellees, to set for hearing immediately or within a reasonable time the claim of appellant for compensation under the Workmen's Compensation Act and to hear and render a final decision thereon. National Security Corporation, an appellee, as insurance carrier for appellant's employer at the time of his injury, was also named as

party defendant. On hearing the Trial Court entered judgment denying the petition for writ of mandamus from which judgment appellant has perfected this appeal. Appellant will be hereafter referred to as "claimant", appellee Industrial Accident Board and its members will be referred to as the "Board" and National Security Corporation will be referred to as "insurer".

On August 31, 1961, claimant was an employee of Piccadilly Cafeteria of Waco, Inc. at Waco, Texas, on which date claimant alleged he sustained an accidental injury to his back while acting in the scope of his employment and for which injury he filed his claim for compensation under the Workmen's Compensation Act, the employer being at the time of his injury subject to the Workmen's Compensation Act and carrying a policy of Workmen's Compensation insurance with National Security Corporation, as insurer. On October 2, 1961 claimant gave notice of his injury, and later filed his claim for compensation with the Board in compliance with the provisions of Section 4a, Art. 8307, Vernon's Ann.Civil Statutes. The insurer has at all times denied liability and refused to pay any compensation to claimant.

The Board mailed a notice to claimant on October 25, 1961 that his claim would be heard by the Board on November 28, 1961, a copy of which notice, to which was attached a copy of the statement of the claimant on a form prepared by the Board, was sent to the employer and the insurer.

Shortly before the date set for the hearing, claimant's attorney telephoned J. Overby Smith, the then Chairman of the Board, and asked him if the Board would proceed with the hearing and make a final decision without the written statement of a doctor or a chiropractor, stating that he and his client did not intend to furnish such statement. Mr. Smith then advised him that the Board would not have a hearing unless it was furnished a report of the treating or examining physician or chiropractor who

had treated claimant to be filed with the Board on or before the date of the hearing.

Following the conversation between the claimant's attorney and Chairman Smith, on November 28, 1961, claimant's attorney wrote the Board enclosing claimant's affidavit as to his physical condition and incapacity, and asked that the claim be set for immediate hearing "without the necessity of the submission by the claimant of a statement of any physician." He also requested a reply as to whether the Board would set the case for hearing without the submission of the medical evidence. On November 30, 1961, the Board in a letter signed by Mr. Smith, the Chairman, and Mr. Buckner, a member, acknowledged receipt of the claimant's attorney's letter of November 28, 1961 and stated:

"This is to advise you that the Board rules require medical evidence to be filed in each case before an award will be made. For this reason, no further action will be taken in this matter and you may consider this a final ruling of the Board."

On the trial claimant offered in evidence his affidavit as to the nature and extent of his injury, which was filed with the Board in connection with his claim, which was admitted by the Court for the sole purpose of showing what information was offered to the Board for its action. The affidavit also contained a statement that claimant had not been paid any compensation by the insurer; that he did not have access to any medical records and was without any funds to pay a doctor for a written statement as to his physical condition and that he did not know any doctor who would prepare and give him a medical statement without the payment of a fee therefor.

Appellant's sole point of error is that the Trial Court erred in failing to issue a writ of mandamus ordering and directing the Industrial Accident Board and its members to immediately and within a reasonable time thereafter set for hearing the claim of appellant and render a final decision thereon.

In three counterpoints appellees assert that there was no error by the Trial Court in refusing to issue the writ of mandamus for the reasons that (1) appellant failed to show that the Board had a duty to enter an award without having a report of the examining or treating physician or chiropractor presented to or filed with the Board pursuant to Rule 5.08; (2) appellant had failed to show that he had exhausted his administrative remedies before the Board; and (3) the evidence is insufficient to authorize the issuance of a writ of mandamus.

Art. 8309a, V.C.S., provides that when an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed claim for compensation and given notice as required by law, the Board shall hear his claim for compensation within a reasonable time. While it is within the Board's discretion to decide what may be a "reasonable time" for hearing the claim, nevertheless it is mandatory for the Board to definitely fix a date upon which the claim shall be heard.

In the instant case, although the Board notified the claimant and the other necessary interested parties that appellant's claim would be heard on November 28, 1961, nevertheless such hearing was conditioned upon claimant's compliance with the Board's Rule 5.08(b) by submitting a report by claimant's physician giving his opinion of the injury and unless such medical evidence was filed with the Board, no final decision would be made granting or refusing an award to claimant.

Sec. 4, Art. 8307, V.C.S., provides in part as follows:

"The Board may make rules not inconsistent with this law for carrying out and enforcing its provisions, and may require any employee claiming to have sustained injury to submit himself for examination before such Board or someone acting under its authority at some reasonable time and place

within the State, and as often as may be reasonably ordered by the Board to a physician or physicians, a chiropractor or chiropractors authorized to practice under the laws of this State. If the employee or the association requests, he or it shall be entitled to have a physician or physicians, chiropractor or chiropractors of his or its own selection present to participate in such examination. Refusal of the employee to submit to such examination shall deprive him of his right to compensation during the continuance of such refusal. * * *"

Rule 5.08 promulgated by the Board is in part as follows:

"The Board will rely upon the parties to supply it information from which a fair decision may be made. The burden of proof is upon the claimant to establish his claim. The following rules respecting the burden of presenting information will guide the Board in making awards:

"(a) The Board's award will be made on the basis of the evidence in the Board's file on the date of hearing.

"(b) On or before date of hearing, the report of the treating or examining physician or chiropractor shall be filed with the Board (Aug. 31, 1961.)"

The fundamental question presented is the authority of the Board to promulgate Rule 5.08(b) requiring claimant to file a report of his examining physician with the Board. It is recognized that the Legislature may delegate to State officers, agencies or administrative bodies the power to enact or promulgate rules and regulations in aid of the statutory authority conferred upon such administrative body. 1 Tex.Jur.2d "Administrative Law", Sec. 11. But the rules and regulations so enacted by the administrative body may not impose additional burdens, conditions or restrictions in excess of or inconsistent with

the statutory provisions. As was stated in Bailey v. Texas Indemnity Insurance Co., Tex.Com.App., 14 S.W.2d 798, 802:

"The regulations of the Industrial Accident Board cannot be used in construing the law, so as to give it a higher mandate than that of the statute."

By requiring a claimant to furnish at his own expense a report of claimant's physician under Rule 5.08(b), the Board has placed an additional burden or restriction upon the claimant in excess of the statutory authority conferred upon it under Sec. 4, Art. 8307, V.C.S. Indeed, such rule is in contravention of and inconsistent with the express statutory provision authorizing the Board to require the claimant to submit himself for examination by a physician or chiropractor authorized to practice under the laws of Texas.

If the Board deemed it necessary as a condition precedent for hearing and passing upon the extent of the claimant's injury, that competent medical evidence as to the nature and extent of such injury be presented for its consideration before its final decision in granting or refusing an award, it was its duty to require claimant to submit to an examination by a physician or chiropractor designated by the Board for the purpose of making an impartial diagnosis of the nature and extent of the claimant's injury in addition to any medical evidence furnished by either the claimant's or the insurer's own physician or both as permitted by the statute.

Booth v. Texas Employer's Insurance Ass'n, 132 Tex. 237, 123 S.W.2d 322, 327, enunciates the rule of law applicable to the instant case. In its opinion, the Court, after stating that the object of giving the timely notice of the claimant's injury as provided in Sec. 4a, Art. 8307, V.C.S., was to enable the insurer to make its own investigation of the facts upon which the employee based his claim for compensation and if the insurer declined to pay, as in the instant case, the employee could look to the Board for relief by making his claim for compensation and referring to Sec. 4, Art. 8307, held as follows:

"The statute was so written as to permit the injured employee in filing his claim to make known to the board without formality the fact that he has been injured in the course of his employment and that he claims the compensation to which he is entitled under the law for the injury suffered, *as is apparent from the fact that the statute does not undertake to prescribe the form or manner of making claims,* * * *. The board, under the power given it to make rules, not inconsistent with the law, for carrying out and enforcing its provisions, may require the employee when filing his claim to give such information as will identify the injury and serve as a basis for proper investigation, hearing and determination of the claim. It is apparent from the copy of Booth's claim filed with the board, as set out in the statement of facts, that the claim was made on a form prepared by the board, the information for which the board called being given by filling the several blanks." (Italics supplied.)

■ As shown from the undisputed evidence, the claimant in the instant case complied with all of the applicable provisions of the Workmen's Compensation Act by giving notice and making and filing his claim with the Board upon the form prepared by the Board except insofar as he failed to comply with Rule 5.08(b) which required him to submit and file with the Board a written report by his examining physician. It may be noted in this connection that in answering the various questions propounded to the claimant on the claim form he stated that he had been to a doctor of his choice, giving his name and address, although he did not comply with the following statement contained in the form "If so, have him write the Board a letter giving his opinion of your injury" for the reason as stated in his affidavit that

he was without funds to pay a doctor for a written statement as to his physical condition and that he did not know any doctor who would prepare and give him a medical statement without the payment of a fee therefor.

Both the Board, his former employer, and the insurer had been advised that claimant had been treated by a physician of his own choice together with the name and address of such physician, which information served as a basis for a proper investigation of the nature and extent of claimant's injuries by the Board and the insurer. If either the Board or the insurer was dissatisfied with the results of such investigation, the Board was given the statutory authority to order the claimant to submit to a physical examination by a physician or chiropractor at a time and place set by the Board during which examination both the claimant and the insurer were entitled to have a physician or chiropractor of their own selection present and participate in such examination.

It is our opinion and we hold that the Board exceeded its statutory authority granted by Sec. 4, Art. 8307, V.C.S. in promulgating Rule 5.08(b) requiring the claimant to file with the Board on or before the date of hearing the report of his treating or examining physician or chiropractor, and having exceeded such authority the rule is invalid.

It therefore follows that the Board's refusal to hold a hearing and make a final determination or decision either granting or refusing appellant's claim for compensation until claimant complied with the provisions of the invalid rule was in violation of the mandatory provisions of Art. 8309a, V.C.S. Since claimant was without any other remedy, either at law or in equity, to compel the Board to set a date for the hearing of his claim and to hear and make a final determination thereof, the writ of mandamus is a proper remedy to require the performance of such ministerial duty. Industrial Accident Board v. Glenn, Tex.Civ. App., 184 S.W.2d 302, rev. on other grounds, 144 Tex. 378, 190 S.W.2d 805, 807; Industrial Accident Board v. Hudson, Tex. Civ.App., 246 S.W.2d 715, 718, no writ history. Appellant's point of error is sustained and all of appellees' counterpoints are overruled.

The judgment of the Trial Court is reversed and the cause remanded to the Trial Court with instruction to grant the writ of mandamus as prayed for.

Reversed and remanded with instructions.