

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 16, 1964

Mrs. Bess Blackwell　　　　　　　　　Opinion No. C-333
Executive Secretary
State Board of Hairdressers　　　　Re: Whether the proposed rules
　　and Cosmetologists　　　　　　　　are within the authority
Austin, Texas　　　　　　　　　　　　of the Board of Hairdressers
　　　　　　　　　　　　　　　　　　　and Cosmetologists to
　　　　　　　　　　　　　　　　　　　promulgate under Article
Dear Mrs. Blackwell:　　　　　　　　734b, Vernon's Penal Code.

　　　　You have requested the opinion of this office as to whether
the Board of Hairdressers and Cosmetologists may lawfully pro-
mulgate the following rules:

　　　　　　(1) "Each school, day student may be absent for
　　non-extenuating circumstances during the six (6) months
　　training period for a period aggregating not more than
　　five (5) days. Each school, night student may be
　　absent for non-extenuating circumstances during the
　　twelve (12) month training period for a period aggre-
　　gating not more than ten (10) days. The Board will,
　　in the event of extenuating circumstances and where
　　the period of interruption is for more than thirty
　　(30) school days and upon written application duly
　　verified setting such circumstances, permit a school
　　student, upon reregistration, to re-enter and continue
　　training, and in such event such school student may
　　receive credit for two-thirds (2/3) of the hours of
　　training completed prior to such interruption of
　　training, but no such school student may attend
　　school less than sixty days upon such reregistration,
　　nor shall such school student be permitted to re-
　　enter and reregister in a school more than one time.
　　An application will only be considered if filed
　　within one year from the date of such interruption.
　　In those cases where the interruption of training
　　is due to extenuating circumstances, the school and
　　the school student shall immediately notify the
　　board of such interruption, and failure to give such
　　notice shall preclude reregistration.

　　　　　　(2) "Any student who wishes to remain in school
　　longer than the required time, (six months for Day
　　Students---twelve months for Night Students) may

-1583-

make application for additional training and remain in school for a period not to exceed one month.

(3) "Nothing in these Board rulings should be construed to include cosmetology students enrolled in a tax supported school, provided further that where a student is enrolled in a licensed beauty school, the course of instruction may be extended beyond the regular training period.

(4) "The Board may authorize transfer from one school to another for the purpose of completing the training period upon application and written permission of schools involved and for good cause shown.

(5) ". . . Enrollment date for the cosmetology schools shall be the first Tuesday and third Tuesday of each month.

(6) "Each school shall keep a daily attendance and performance record on each student, which will be available for inspection by Inspectors or members of the Board at all times, showing in detail the theoretical instruction and practice training and the work performed and accomplished by each student each day during the course of study.

(7) "Any person, firm or corporation may establish a school for the teaching of cosmetology upon complying with the rules and specifications set up by the Board and filing a financial statement showing the applicant to possess property of a minimum value of $20,000.00 over and above all legal exemptions and liabilities."

Primary responsibility for fixing requirements for a license is in the Legislature. Once the Legislature has prescribed the standards a board is limited to promulgation of the rules that implement such standards. Margolin v. State, 151 Tex.Crim.R. 132, 205 S.W.2d 775 (1947). In the case of the Cosmetology Board the Legislature designated the total number of hours, maximum hours per day, maximum days per week, and minimum number of months to qualify for a license to practice cosmetology.

Section 5(b) of Article 734b, Vernon's Penal Code reads as follows:

"No school of beauty culture shall be granted a
license or certificate of registration unless it shall
maintain a sanitary establishment and employ and main-
tain on its staff not less than two (2) full-time
instructors who have been duly licensed as instructors
by the Texas State Board, and shall keep a daily record
of attendance of students, and shall maintain a
regular class and regular instruction hours, establish
grades and hold examinations before issuing diplomas,
and shall require a school term of not less than six
(6) months, and not less than one thousand (1,000)
hours of instruction for a complete course of the
practice of hairdressing and cosmetology, and shall
require a school term of not less than six (6) weeks,
and not less than one hundred and fifty (150) hours
instruction for a complete course in manicuring; and
no student shall work or be instructed or receive
credit for more than eight (8) hours of instruction
in any one (1) day, exclusive of the lunch period,
or for more than six (6) days in any one (1) calendar
week, and no public high school student shall be
instructed or receive credit for more than six (6)
hours of instruction in any one (1) day, exclusive
of the lunch period, or for more than five (5) days
in any one (1) calendar week."

The Act is not broad enough to permit the Board the discre-
tion to authorize the proposed rules; the Legislature set forth
the criteria wherein it drew explicit boundaries within which the
Board must operate. To do otherwise would violate Section 1,
Article 2 of the Constitution of the State of Texas. Quoting
from Reynolds v. Dallas County, 203 S.W.2d 320 (Tex.Civ.App.,
1947):

". . . It is a long and well-settled rule of consti-
tutional law that the legislature cannot delegate to
the people or any board, bureau, commissioners court
or other administrative or legal body or institution
its authority to make laws; . . . ."

Your last proposed rule is as follows:

"Any person, firm or corporation may establish a
school for the teaching of cosmetology upon complying
with the rules and specifications set up by the Board
and filing a financial statement showing the applicant
to possess property of a minimum value of $20,000.00,
over and above all legal exemptions and liabilities."

Mrs. Bess Blackwell, page 4 (C-333)

Section 5(a) of Article 734b, Vernon's Penal Code reads as follows:

> "Any person, firm, association or corporation applying to the Board for an original certificate of registration or license, as a school of beauty culture, shall make such application in the form prescribed by the Board, giving data and information required by the Board. The Board shall, in such applications, require such data, information and facts as it deems necessary to determine such applicant's compliance with this Act and his or its fitness to conduct and maintain such school. No applicant for an original school license shall hereafter be granted an original certificate of registration or license unless it shall have a building approved by the Board, ...., and shall have not less than two (2) modern, sanitary toilets....and shall possess and have installed the minimum equipment and apparatus....and such schools shall thereafter maintain the premises and minimum equipment and apparatus; and such applicants shall furnish a good and sufficient surety bond payable to the State of Texas, conditioned to refund any unused portion of tuition paid if such school closes or ceases operation before courses of instruction have been completed. . . ."

The recent case of Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex.Civ.App. 1962, error ref., n.r.e.) held:

> ". . . It is recognized that the Legislature may delegate to State officers, agencies or administrative bodies the power to enact or promulgate rules and regulations in aid of statutory authority conferred upon such administrative body, 1 Tex.Jur.2d "Administrative Law", Sec. 11. But the rules and regulations so enacted by the administrative body may not impose additional burdens, conditions or restrictions in excess of or inconsistent with the statutory provisions. . . ."

No financial statement is required in Section 5(a) of Article 734b, Vernon's Penal Code. To add such a requirement would usurp the Legislature's function and impose an additional burden on the applicant.

It is therefore the opinion of this office that the proposed rules are beyond the authority of the Board with the exception of daily attendance records. The latter are required by the specific

language of Section 5(b) of Article 734b, Vernon's Penal Code:

"No school of beauty culture shall be granted a
license or certificate of registration unless it
shall....keep a daily record of attendance of
students. . . ."

## SUMMARY

The Board of Hairdressers and Cosmetologists are
without authority to pass the proposed rules concerning
absenteeism, reregistration, transfers from one school
to another, performance records, or financial state-
ments as a prerequisite for a license.

The Board is under a positive duty to see that
daily attendance records are maintained under Section
5(b) of Article 734b, Vernon's Penal Code.

Very truly yours,

WAGGONER CARR
Attorney General

*Wade Anderson*

By

    Wade Anderson
    Assistant

WA:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Gordon Houser
Bill Allen
Wayne Rodgers

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler