

# The Attorney General of Texas

August 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Fred S. Brinkley, Jr.
Executive Director/Secretary
Texas State Board of Pharmacy
211 East 7th Street
Austin, Texas 78701

Opinion No. H- 1232

Re: Whether the Texas State
Board of Pharmacy may require
that pharmacists seeking to be
licensed in Texas by reciprocity
pass a Jurisprudence examination
encompassing the Texas Phar-
macy, Dangerous Drug and
Controlled Substances Acts.

Dear Mr. Brinkley:

You have requested our opinion regarding the authority of the State
Board of Pharmacy to require persons seeking to be licensed under the
reciprocity provisions of article 4542a, V.T.C.S., to pass a special examin-
ation. Section 9(c) of that statute, after stating the requirements for a
license to practice pharmacy, adds the following proviso:

> Provided that the State Board of Pharmacy may, in its
> discretion, upon the payment of an amount, not to
> exceed Two Hundred Fifty Dollars ($250), set by the
> Board, grant a license to practice pharmacy to persons
> who furnish proof that they have been registered as
> such in some other state or territory, and that they are
> of good moral character, provided that such other
> Board in its examination required the same general
> degree of fitness required by this State, and grants the
> same reciprocal privileges to pharmacists of this
> State.

Section 9(c) clearly authorizes the Board to grant a license to any
person who fulfills certain specific criteria, and whose original state of
licensure does likewise. An examination is not among the listed require-
ments. In Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex. Civ. App.
—Austin 1962, writ ref'd), the court declared that

p. 4921

the rules and regulations so enacted by the administrative body may not impose additional burdens, conditions or restrictions in excess of or inconsistent with the statutory provisions.

358 S.W.2d at 876-77. This office has frequently held that a statutory board is not authorized to impose upon its licensees conditions not prescribed by statute. Attorney General Opinions H-870 (1976); H-669 (1975); M-1219 (1972); V-964 (1949). See State v. Cortez, 333 S.W.2d 839, 841 (Tex. 1960); Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co., 180 S.W.2d 906, 908 (Tex. 1944). In our opinion, the Board of Pharmacy is without authority to require any person to take or pass a special examination as a condition of licensing under the reciprocity provisions of section 9(c) of article 4542a.

## SUMMARY

The State Board of Pharmacy is not authorized to require any person to take or pass a special examination as a condition of licensing under the reciprocity provisions of section 9(c) of article 4542a, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn