

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 31, 1989

Honorable Ernestine V. Glossbrenner          Opinion No.   JM-1051
Chairman
Public Education Committee                   Re: A school district's
Texas House of Representatives               use of local funds   for
P. O. Box 2910                               career ladder   payments
Capitol Building, Room 302D                  (RQ-1687)
Austin, Texas   78768-2910

Dear Ms. Glossbrenner:

You ask:

> If   the   state   allotment   designated   for
> support of the career ladder (Section 16.158,
> Education   Code)   will   not   fully   fund   the
> career   ladder   supplements,   can   a   school
> district   use   monies   generated   locally   to
> allow   the   school   district   to   meet   the
> payments for career ladder levels 2, 3, and 4
> of $2,000,  $4,000, and  $6,000  respectively
> (Section   16.057,   Education   Code),   without
> implementing stricter local performance  cri-
> teria?

Chapter 13, subchapter  E, of the  Education Code  pro-
vides for the  assignment of each  public school teacher  to
one of  four  career  ladder levels  based  on  performance,
experience,   job-related   education,   advanced   academic
training and job assignments.   Section 16.057 provides  for
the supplementing of salaries  of teachers at career  ladder
levels two through four as follows:

> (a)   Except as provided by Subsection  (c)
> of this section, each  teacher on level  two,
> three, or four of a career ladder is entitled
> to   the   following   annual   supplement   in
> addition to the  minimum salary  set by  this
> subchapter:
>
> Level 2 . . . . . . . . . . . $2,000
> Level 3 . . . . . . . . . . . $4,000

Level 4 . . . . . . . . . . . $6,000

(b)  If the district pays more than the state minimum salary prescribed by this subchapter, the teacher is entitled to the career ladder supplement in addition to the amount otherwise paid by the district for the teacher's step.

(c)  If the allotment under Section 16.158 of this code that is designated for support of the career ladder will not fully fund the supplements under this section:

(1)  the district may reduce the supplements to not less than the following:

Level 2 . . . . . . . . . . . $1,500
Level 3 . . . . . . . . . . . $3,000
Level 4 . . . . . . . . . . . $4,500

or;

(2)  provide for stricter performance criteria than that provided under Section 13.302 of this code, subject to the approval of the State Board of Education; or

(3)  take action under both Subdivisions (1) and (2) of this subsection.

Section 16.158 provides for "allotments" to fund the career ladder supplements as follows:

(a)  Each district is entitled to an allotment for education improvement and support of the career ladder equal to its unadjusted average daily attendance multiplied by the following amount or a greater amount provided by appropriation:

(1)  $100 for the 1984-1985 school year;

(2)  $120 for the 1985-1986 school year; and

(3)  $140 for  the  1986-1987  school
year and each school year thereafter.

(b)  A district may  expend 25 percent  of
the allotment  for any  legal purpose,  shall
expend  25  percent  of  the  allotment   for
payment of salaries for personnel other  than
classroom  teachers,  and  shall  expend   50
percent of  the allotment  for career  ladder
salary supplements.

(b-1)  Expired.

(c)  From the  funds designated  for  that
purpose, the. district shall  supplement  the
salary of each teacher above level one on the
career ladder.  The district shall decide the
amount of supplement to  be provided at  each
career ladder level.

(d)  Money received under this section may
not be used  to supplement the  salary of  an
employee for directing cocurricular or extra-
curricular activities.

The funding of the career ladder supplements is a  part
of the Foundation School  Program established under  chapter
16 of the  Education Code.   The purpose  of the  Foundation
School Program is to "guarantee that each school district in
the state has  adequate resources to  provide each  eligible
student  a  basic  instructional  program  suitable  to  his
educational needs."   Educ. Code  § 16.002.  Section  16.051.
provides that in order to receive financial support from the
Foundation School Fund,  school districts · must comply  with
the  standards  set  out  in  subchapter  B  of  chapter  16
including the provisions  of section  16.057, quoted  above,
providing for career ladder supplements.

In your question,  in which  you ask  about courses  of
action available  to  a  school district  where  the  "state
allotment  designated  for  support  of  the  career  ladder
(Section 16.158,  Education Code)  will not  fully fund  the
career ladder supplements,"  we  presume  that  by  "state
allotment" you mean the 50% of the "allotment for  education
improvement  and  support  of  the  career  ladder,"   which

subsection (b) of section 16.158 provides shall be expended for career ladder supplements.[1]

Section 16.057(a) sets out specific dollar amounts to which teachers at career ladder levels two, three, and four are entitled. We understand you to ask whether section 16.057(c), quoted above, provides the exclusive alternatives available to a district when the section 16.158 allotment is insufficient to pay the supplements or whether a district may use other available funds to pay the salary supplements. We do not think that subsection (c) was intended to prohibit a district from paying the supplements out of other available funds.

Subsection (a) states that teachers are _entitled_ to specific supplement amounts except in the instance of an insufficient allotment. Subsection (c) provides for reduced supplement amounts and for stricter performance criteria for supplement eligibility. We read the reference to the insufficiency of the allotment as a prerequisite to the availability of the alternatives set out in subsection (c). In other words, we think that the express meaning of subsections (a) and (c) is that a district is without authority, other than as provided in subsection (c), to lower the amount of the supplements or to raise the criteria for receiving the supplements. We do not find any language in these provisions that prohibits the use of other available funds to pay the supplement.

Several factors support our reading of section 16.057(c). First, nothing else in the controlling statutes suggests that a district may not use available money other than allotment money to pay the supplements. Substantially all of the controlling provisions were enacted as part of House Bill 72. Acts 1984, 67th Leg., 2d C.S., ch. 28, at 117. The provisions of subsection (c) of section 16.057, which are in question here, were added to the language of that bill only after it already contained substantially all of the other provisions discussed. _See_ Bill file, House

---

1.   _See_ Educ. Code §§ 16.251, 16.252, 16.254; _see also_ Acts 1987, 70th Leg., 2d C.S., ch. 78, art. III, § 1, at 632.

Bill 72, 67th Leg., 2d C.S. (1984).[2] If the addition of subsection (c) were intended to limit the use of other funds, we think the legislature would have expressed that intent.

Moreover, we think that construing subsection (c) to require districts, whose allotments are insufficient to meet the subsection (a) supplements, to either lower the supplement, raise performance criteria, or both, without leaving them the option of making up the subsection (a) supplement amounts with non-allotment monies, would be contrary both to the purpose of the career ladder program, which is to improve teaching quality by providing monetary incentives to more qualified and better performing teachers, and to the overall spirit of House Bill 72.

You do not ask and we do not address in detail what kinds of "monies generated locally" might be lawfully used to help fund the district's career ladder supplements. We do note that section 16.253, for example, provides in part that "local maintenance funds in excess of the amount assigned to a district may be expended for any lawful school purpose." See also Educ. Code § 20.48.

A brief submitted by the Texas Education Agency[3] in response to your request notes that an administrative rule adopted by the agency, 19 T.A.C. § 149.71(1)(4), would limit the use of other available funds for the section 16.057 supplements.

> In the event that funds designated as the allotment for career ladder salary supplements are deemed insufficient for placement

---

2. Hence, the language in section 16.158(c) providing in part that "the district shall decide the amount of supplement to be provided at each career ladder level," which language was in both the original bill as introduced and in the enacted version, must be read in light of the later added supplement provisions of section 16.057.

3. The Texas Education Agency is generally referred to by statute as the Central Education Agency. It includes, inter alia, the State Board of Education and the State Commissioner of Education. See, e.g., Educ. Code § 11.01 et seq.

and/or maintenance of all teachers meeting the state-mandated minimum criteria for selection and/or maintenance on the teacher career ladder, the local district may fund additional career ladder salary supplements from local or other funds permitted by law and State Board of Education rules effective with the 1985-1986 school year, provided that the following requirements have been met:

(A)   that funds available for any legal purpose in accordance with the Texas Education Code, §16.158, have been fully exhausted in the payment of teacher career ladder salary supplements; and

(B)   that the local school district demonstrates its intent to utilize career ladder supplements as a means of identifying and rewarding excellence in teacher performance as opposed to a salary supplement for all teachers meeting the minimum requirements by establishing in written policy one or more requirements for stricter performance as specified in subsection (e) of this section.

Subpart (B) of the provision appears to require that before local funding may be used to make up a deficiency in the section 16.158 allotment for the career ladder supplements, a district must establish one or more requirements for stricter performance criteria. See also 19 T.A.C. § 149.71(e). We think that to the extent that the Texas Education Agency's rule makes mandatory the establishment of stricter performance criteria before local funds can be used to make up a shortfall in the section 16.158 allotment for the section 16.057, subsection (a), career ladder supplements, the rule exceeds the agency's rule-making authority.

Agency rules must be within the clear intent of the statute and not in excess of the powers delegated. See, e.g., Kelly v. Industrial Accident Bd., 358 S.W.2d 874 (Tex. Civ. App. - Austin 1962, writ ref'd). We find nothing in the Education Code or elsewhere in state law which empowers the Texas Education Agency, or its component body, the State Board of Education, to require stricter performance criteria in particular districts or particular local situations. See Educ. Code ch. 13, subch. D (providing for the establishment of career ladder appraisal procedures and performance

criteria by the State Board of Education), §§ 13.302(a) (providing that the board shall adopt an appraisal process and criteria, and the criteria must be based on "observable, job-related behavior, including teachers' implementation of discipline management procedures"), 13.302(c) (providing that the board shall provide for "a uniform training program and uniform certification standards for appraisers to be used throughout the state"), 13.302(d)(1) (providing that "the assessment process may be administered by or under the supervision of the Central Education Agency on a statewide basis"), 13.304-13.312 (providing for uniform performance categories, classes of teaching certificates, criteria for entrance into and maintenance of career ladder levels, without making any distinctions in such classifications or criteria based on particular local situations). See also id. §§ 11.24 (board's rule-making authority generally), 16.005 (commissioner of education to administer Foundation School Program in accordance with board rules). Again, although section 16.057 provides that local districts may with state board approval implement stricter performance criteria under the circumstances set out there, we find nothing in the agency's statutory rule-making authority empowering the agency to require particular districts to implement stricter performance criteria before it uses funds other than the section 16.058 allotment for salary supplements.

Finally, we note that the Texas Administrative Code, 19 T.A.C. § 149.71(1)(4)(A), requires that local districts wishing to use local funds to make up the cost of section 16.057(a) career ladder supplements where the section 16.158 allotment for such is insufficient must first exhaust the portion of the section 16.158 allotment funds available for "any legal purpose." We find nothing in the statutory scheme governing the career ladder program which authorizes the Texas Education Agency to thus restrict the use of local funds and accordingly conclude that the provisions of subpart (A) also exceed that agency's statutory rule-making authority.

### S U M M A R Y

In order to meet the cost of career ladder supplements in the amounts specified in Education Code section 16.057, subsection (a), a school district may, without implementing stricter performance criteria under chapter 13 of the code, use available local funds where the allotment for the career

ladder under section 16.158 is insufficient. Rules adopted by the Texas Education Agency, 19 T.A.C. § 149.71(1)(4)(A)-(B), purporting to require a school district whose section 16.158 allotment is insufficient to first exhaust section 16.158 funds available for "any legal purpose" and to establish stricter performance criteria before using other local funds to cover the supplement amounts, exceed that agency's statutory rule-making authority.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General