

# THE ATTORNEY GENERAL
## OF TEXAS

February 14, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Clay Salyer
President
Texas Board of Chiro-
   practic Examiners
8317 Mopac Expressway
Austin, Texas   78759

Opinion No.  JM-1017

Re:   Authority of the Texas Board
of Chiropractic Examiners to esta-
blish by rule a minimum amount  of
prior practice of chiropractic for
purposes of  satisfying the  reci-
procity licensing requirement
(RQ-1623)

Dear Mr. Salyer:

You ask:

> Does the Texas Board of Chiropractic Exam-
> iners have the authority to establish by rule
> a reasonable minimum amount of time of prac-
> ticing chiropractic within another state as a
> prerequisite for admission to practice in
> this State through reciprocity?

Article 4512b, V.T.C.S., provides for the licensure of persons to practice chiropractic in Texas. Sections 4 and 4a of that act confer rule-making authority on the Board of Chiropractic Examiners as follows in pertinent part:

> The Board may prescribe rules, regulations
> and bylaws in harmony with the provisions of
> this Act for its own proceedings and govern-
> ment for the examination of applicants for
> license to practice chiropractic.

V.T.C.S. art. 4512b, § 4(a).

> The Texas Board of Chiropractic Examiners
> shall have the power to appoint committees
> from its own membership, and to make such
> rules and regulations not inconsistent with
> this law as may be necessary for the perfor-
> mance of its duties, the regulation of the
> practice of chiropractic, and the enforcement
> of this Act.

V.T.C.S. art. 4512b, § 4a.

Section 9 provides for the licensing of persons by the board who have already been licensed to practice in other states or territories:

> The Texas Board of Chiropractic Examiners shall upon payment by an applicant of a fee grant license to practice chiropractic to licentiates of other states or territories having requirements and practices equal to those established by the laws of this State. Applications for license under the provisions of this Section shall be in writing, and upon a form to be prescribed by the Texas Board of Chiropractic Examiners. Said application shall be accompanied by a license, or a certified copy of license to practice chiropractic, lawfully issued to the applicant, upon examination, by some other state or territory of the United States. Said application shall also be accompanied by an affidavit made by the president or secretary of the Board of Chiropractic Examiners which issued the said license, or by a legally constituted chiropractic registration officer of the state or territory by which the license was granted, and on which the application for chiropractic registration in Texas is based, reciting that the accompanying license has not been cancelled or revoked, and that the statement or qualifications made in the application for chiropractic license in Texas is true and correct. Applicants for license under the provisions of this Section shall subscribe to an oath in writing before an officer authorized by law to administer oaths, which shall be a part of said application, stating that <u>the license under which the applicant practiced chiropractic in the State or territory from which the applicant removed</u>, was at the time of such removal in full force, and not suspended or cancelled. Said application shall also state that the applicant is the identical person to whom the said certificate was issued, and that no proceeding has been instituted against the applicant for the cancellation of said certificate to practice chiropractic in the State or territory by which the same was issued; and that no prosecution is pending

against the applicant in any State or Federal Court for any offense which, under the law of Texas is a felony.  (Emphasis added.)

V.T.C.S. art. 4512b, § 9.

You suggest in your request letter that:

The language 'under which the applicant practiced,' however, seems to indicate that the legislature intended that an applicant for reciprocal license should have practiced chiropractic in the applicant's former state of residence and/or licensure before a reciprocal license is granted by this Board.

As an administrative agency of the state, the Board of Chiropractic Examiners "has only such powers as are expressly conferred by statute together with those necessarily implied from powers and duties expressly given or imposed." 2 Tex. Jur. 3d Administrative Law, § 2 (citing, inter alia, State v. Jackson, 376 S.W.2d 341 (Tex. 1964) and Railroad Comm'n v. Fort Worth and D.C. Ry. Co., 161 S.W.2d 560 (Tex. Civ. App. - Austin 1942, writ ref'd w.o.m.)). Agency rules "may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions." Kelly v. Industrial Accident Bd., 358 S.W.2d 874 (Tex. Civ. App. - Austin 1962, writ ref'd). See also e.g., Attorney General Opinions JM-650 (1987); JM-668 (1987); MW-573 (1982).

We do not construe the language to which you refer in section 9, article 4512b, V.T.C.S., as authorizing the board to establish a requirement that applicants for licensure under section 9 have practiced for any length of time. Nor do we find any other provision of state law conferring such authority on the board. We think that the applicable provisions contemplate that a person licensed in another state or territory "having requirements and practices equal to those established by the laws of this state" is entitled to licensure in Texas upon payment of a fee and compliance with the procedural provisions under section 9 for the filing of the copy of the license, the application and accompanying affidavit and oath. We concede that the language "license under which the applicant practiced chiropractic in the state or territory," standing alone, might suggest a requirement of prior practice. But we think that this language read in context means, in effect, "license under which the applicant was entitled to practice chiropractic in the state or territory."

Accordingly, we conclude that the Texas Board of Chiropractic Examiners is not authorized to establish by rule a minimum amount of time of practicing chiropractic in another state or territory as a prerequisite for admission to practice in this state under the reciprocity provisions of section 9, article 4512b, V.T.C.S.

### S U M M A R Y

The Texas Board of Chiropractic Examiners is not authorized to establish by rule a minimum amount of time of practicing chiropractic in another state or territory as a prerequisite for admission to practice in this state under the reciprocity provisions of section 9, article 4512b, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General