

## Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Mr. Daniel S. Ouellette
Chair
Texas State University System
333 Guadalupe, Box 3810
Austin, Texas 78701-3942

Opinion No. DM-249

Re: Whether, under certain circumstances, a nonresident scholarship recipient is eligible for resident tuition rates under section 54.064 of the Education Code and related questions (RQ-544)

Dear Mr. Ouellette:

You have asked about a scholarship recipient's eligibility for resident tuition under section 54.064 of the Education Code. You also inquire about the validity of section 21.31 of title 19, Texas Administrative Code. You state as follows:

> The Board of Regents, Texas State University System, has accepted gifts of money from two donors. Both donors stipulated that their gifts must be used for scholarships to encourage academic excellence in the academic program in which the recipient is enrolled. Both donors required that students must apply and compete for the scholarships. The first donor specified that the recipient be selected from student-athletes at Southwest Texas State University. The second donor specified that the scholarship recipient be selected from students at SWT's music department who participate in an extracurricular music activity, such as the university marching band or symphony orchestra.
>
> The Board of Regents accepted both gifts under § 95.34 of the Education Code[1] and asked Southwest Texas State University's

---

[1]Section 95.34 of the Education Code states in pertinent part as follows:

(a) The board may accept donations, gifts, grants, and endowments for the universities under its control to be held in trust and administered by the board for the purposes and under the directions, limitations, and provisions declared in writing in the donation, gift, grant, or endowment, not inconsistent with the laws of the state or with the objectives and proper management of the universities. All money accepted under the authority of this section shall be deposited to the credit

> recognized scholarship committee to select the recipients. To be eligible for consideration, students must apply for the scholarships. . . .
>
> Texas residents and nonresidents will compete for the scholarships. We anticipate that some of the students selected will be nonresidents. . . .
>
> We believe that nonresident students selected for scholarships under these circumstances will be eligible for resident tuition because these gifts meet the requirements of the statute and the criteria developed by the Texas Higher Education Coordinating Board. However, the Executive Vice President at Southwest Texas State University has received a letter from the Assistant Commissioner for Student Services at the Coordinating Board indicating that such students would not be eligible. [Footnote added.]

Because we conclude that section 21.31 of title 19, Texas Administrative Code, is valid, we decline to answer your first question. Hence, this opinion will discuss only the validity of section 21.31 of title 19, Texas Administrative Code.

In general, pursuant to section 54.051(c) of the Education Code, tuition for a resident of the State of Texas at a general academic teaching institution[2] is the greater of (1) $120 for each semester or twelve-week summer session and $60 for each six-week summer term; or (2) $32 per semester credit hour. On the other hand, subsection (d) of that section generally requires a nonresident student at a general academic teaching institution to pay an amount per semester credit hour equal to 100 percent of the total cost of education. *See* Educ. Code § 54.052 (providing general rules for determining residence or nonresidence). Sections 54.055 through 54.064 contain several limitations and exceptions to the general rule that a nonresident student must pay a higher tuition than a

---

(footnote continued)

> of one or more special funds created by the board for the university system or universities in the system. The board shall designate one or more depositories for the money received and shall accord money deposited in them the same protection by the pledging of assets of a depository as is required for the protection of public funds.

[2]Section 61.003(3) of the Education Code defines "general academic teaching institution" to include Southwest Texas State University. *See* Educ. Code § 54.051(a)(2) (incorporating into definition of "general academic teaching institution" definition section 61.003(3) of Education Code assigns to term).

resident student. Your question requires us to construe section 54.064, which provides as follows:

> (a) A student who holds a competitive academic scholarship of at least $200 for the academic year or summer for which the student is enrolled and who is either a nonresident or a citizen of a country other than the United States of America is entitled to pay the fees and charges required of Texas residents without regard to the length of time the student has resided in Texas. The student must compete with other students, including Texas residents, for the academic scholarship and the scholarship must be awarded by a scholarship committee officially recognized by the administration and be approved by the Texas Higher Education Coordinating Board *under criteria developed by the board*.
>
> (b) The total number of students at an institution paying resident tuition under this section for a particular semester may not exceed five percent of the total number of students registered at the institution for the same semester of the preceding academic year. [Emphasis added.]

You believe that the two scholarships about which you inquire satisfy the requirements of section 54.064(a), which you list as: (1) award of a competitive academic scholarship; (2) a competitive pool that includes both residents and nonresidents; (3) the scholarship must be for at least $200; (4) the scholarship must be awarded by a committee officially recognized by the administration of the university; (5) the scholarships must be approved by the Coordinating Board (the "board"); and (6) the number of nonresident students entitled to pay resident tuition based on the scholarship award may not exceed five percent of the number of students registered for the same semester the preceding academic year.[3] You state, however, that the board has added a requirement in its rule, found at title 19 of the Texas Administrative Code, section 21.31. The rule states in pertinent part as follows:

> Certain students receiving competitive academic scholarships may be exempted from paying nonresident tuition rates.
>
> (1) To qualify for exemption from paying nonresident tuition rates a student must be awarded a competitive academic scholarship in the amount of $200 or more for the academic year, the summer session, or both by an official scholarship committee or

---

[3]We note, however, that the Texas Higher Education Coordinating Board has not approved the scholarships.

committees of the public institution of higher education he or she is attending. If nonresidents or foreign students in competition with other students, including Texas residents, obtain these competitive academic scholarships, the students may pay the same tuition as a resident of Texas during the registration period in which the competitive academic scholarship is in effect. At the time the competitive academic scholarship is made, the institution must designate the term or terms in which the scholarship will be in effect. *A competitive academic scholarship that qualifies the holder for waiver of the difference between the tuition charged to resident and nonresident students shall be awarded for the purpose of encouraging academic excellence in the academic program in which the student is enrolled.* Effective in the 1989-1990 academic year an institution shall not waive nonresident tuition on the basis of competitive academic scholarships for more than 5.0% of its total enrollment in the corresponding semester or term of the previous academic year. [Emphasis added.]

In particular, you believe that the language in the board's rule that we have italicized adds a criterion to the statutory criteria and thereby exceeds the board's authority. You also believe that the board failed validly to adopt the rule.[4]

An administrative agency possesses only those powers that the legislature statutorily has conferred upon it, together with those powers necessarily implied from the powers or duties expressly given. Attorney General Opinions JM-1102 (1989) at 2; JM-1017 (1989) at 3 (citing 2 TEX. JUR. 3d *Administrative Law* § 2). The legislature may authorize an agency to promulgate rules and regulations in aid of the statutory authority the legislature has conferred upon the agency. *Kelly v. Industrial Accident Bd.*, 358 S.W.2d 874, 876 (Tex. Civ. App.–Austin 1962, writ ref'd) (citing 1 TEX. JUR. 2d *Administrative Law* § 11). The agency may not, however, promulgate rules and regulations that impose additional burdens, conditions, or restrictions that exceed or are inconsistent with the statutory provisions. *Id.* at 876-77; Attorney General Opinion JM-1017 at 3 (citing *Kelly v. Industrial Accident Bd.*).

Initially, we believe that section 54.064(a) of the Education Code authorizes the board, in the first instance, to determine whether a particular scholarship is a competitive

---

[4]You do not ask, and therefore we do not consider, whether section 54.064(a) of the Education Code validly delegates authority to the board to promulgate rules and regulations. *See, e.g., Southwestern Savings & Loan Assoc. of Houston v. Faulkner*, 331 S.W.2d 917, 921 (Tex. 1960); *Housing Auth. of City of Dallas v. Higginbotham*, 143 S.W.2d 79, 87 (Tex. 1940); *Oxford v. Hill*, 558 S.W.2d 557, 560 (Tex. Civ. App.–Austin 1977, writ ref'd); *Williams v. State*, 514 S.W.2d 772, 773-76 (Tex. Civ. App.–Beaumont 1974, writ ref'd n.r.e.).

academic scholarship that qualifies its recipient for resident tuition rates. To that end, section 54.064(a) expressly authorizes the board to develop criteria for the board's use in determining whether a scholarship is a competitive academic scholarship for purposes of waiving the difference between the tuition charged to resident and nonresident students. The board has developed such criteria in title 19 Texas Administrative Code, section 21.31(1). In our opinion, by defining "competitive academic scholarship" in section 21.31(1) as a scholarship that is "awarded for the purpose of encouraging academic excellence in the academic program in which the student is enrolled," the board simply has developed a criterion in accordance with section 54.064(a) of the Education Code. We do not believe that the regulatory criterion exceeds or is inconsistent with section 54.064(a). Consequently, we believe that the board acted within its authority under section 54.064(a) when it promulgated this rule.[5]

You also question the validity of title 19 of the Texas Administrative Code, section 21.31 on procedural grounds. The board adopted section 21.31 "under the Texas Education Code, § 61.027 and § 52.54, Texas Civil Statutes." Tex. Higher Educ. Coordinating Bd., 16 Tex. Reg. 3254 (1991); *see also* Tex. Higher Educ. Coordinating Bd., 16 Tex. Reg. 1341 (1991) (proposing section 21.31). Section 61.027 of the Education Code provides as follows:

> The board shall adopt and publish rules and regulations in accordance with and under the conditions applied to other agencies by the Administrative Procedure and Texas Register Act (Article 6252-13a, [V.T.C.S.]), to effectuate the provisions of this chapter. The board shall grant any institution of higher education a hearing upon request and after reasonable notice. Minutes of all meetings shall be available in the board's office for public inspection.

---

[5]We found no legislative history indicating the meaning the legislature intended to impart by the language in section 54.064(a) of the Education Code, "be approved by the Texas Higher Education Coordinating Board under criteria developed by the board." Prior to 1985, section 54.051(p), section 54.06's predecessor, provided as follows: "A student must ... compete with other students, including Texas residents, for the academic scholarship and the scholarship must be awarded by a scholarship committee officially recognized by the administration *of the institution of higher education.*" (Emphasis added.) *See* Acts 1985, 69th Leg., ch. 708, § 9, at 2501. In 1985 the 69th Legislature deleted the italicized language, inserting in its place "and be approved by the Coordinating Board, Texas College and University System, under criteria developed by the board," among other amendments to the section. *See id.* The legislature also amended section 54.064 to limit its application only to academic scholarships. *See id.* In general, the legislature appears to have intended the amendments to generate revenues for the state: by limiting waivers of nonresident tuition rates to those recipients of competitive academic scholarships only, members predicted revenues of $18.5 million. *See* Hearings on H.B. 1147 Before the Senate Finance Comm., 69th Leg. (Apr. 16, 1985) (testimony of Senator Jones) (tape available from Senate Staff Services).

Section 61.027 merely prescribes a procedure by which the board must promulgate rules; it does not, in and of itself, authorize the board to promulgate rules. Section 52.54, V.T.C.S., the other statute the board cites, is a nonexistent statute. Section 52.54 of the Education Code, to which the board may have meant to refer, provides as follows:

> (a) The board shall adopt and publish rules and regulations to effectuate the purposes of this chapter in accordance with and under the conditions applied to other agencies by [V.T.C.S. art. 6252-13a].

> (b) The board may adopt rules and regulations necessary for participation in the federal guaranteed loan program provided by the Higher Education Act of 1964 (Public Law 89-329). [Footnotes omitted.]

Obviously, section 52.54(a) does not authorize the board to promulgate a rule under chapter 54. In addition, we are not aware that the promulgation of title 19 of the Texas Administrative Code, section 21.31 was necessary to comply with the federal guaranteed loan program. We therefore agree that the statutes the board cited as authorizing it to promulgate title 19 of the Texas Administrative Code, section 21.31 do not so authorize.

However, we believe that section 54.064(a) of the Education Code itself authorizes the board to promulgate section 21.31 because section 54.064(a) authorizes the board to develop criteria for its use in evaluating scholarships. We note that section 5(c-1)(2) of the Administrative Procedure and Texas Register Act ("APTRA"), V.T.C.S. article 6252-13a, to which the board is required to adhere, *see* Educ. Code § 61.027, requires an agency finally adopting a rule concisely to state in its order "the particular statutory provisions under which" the agency adopts the rule and "how the agency interprets these provisions as authorizing or requiring the rule." On the other hand, section 5(e) of APTRA validates any agency rule that is adopted "in substantial compliance" with section 5. You suggest that the board's citation of two inappropriate sections of the Education Code invalidates section 21.31 of title 19, Texas Administrative Code, as a matter of law. While we do not condone an agency's citation of inappropriate statutory authority, we cannot conclude that such an error by itself, where the agency is elsewhere authorized to promulgate the rule, invalidates a rule as a matter of law.

## S U M M A R Y

A nonresident scholarship recipient is ineligible for resident tuition under section 54.064(a) of the Education Code if the scholarship does not comply with the criteria that the Texas Higher Education Coordinating Board has developed to determine whether a scholarship is a competitive academic scholarship, unless the criteria exceed or are inconsistent with section 54.064(a). The board's

promulgation of section 21.31 of title 19, Texas Administrative Code, which provides that "[a] competitive academic scholarship that qualifies the holder [for resident tuition rates] shall be awarded for the purpose of encouraging academic excellence in the academic program in which the student is enrolled," does not exceed the board's authority under section 54.064(a) of the Education Code, nor is it inconsistent with section 54.064(a) of the Education Code. Furthermore, we cannot conclude that section 21.31 of title 19 of the Texas Administrative Code is invalid as a matter of law based on the fact that the board, in its order finally adopting the rule, cited inappropriate statutes as authorizing the board to promulgate the rule.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General