

# The Attorney General of Texas

May 14, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Simpson
Chairman
Committee on Insurance
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. MW-467

Re: The effect of rules promulgated by the Texas Department of Public Safety concerning what constitutes evidence of financial responsibility under article 6701h, section 1A, V.T.C.S.

Dear Representative Simpson:

You have requested our opinion on the interpretation and application of provisions of sections 1A, et seq. of the Texas Motor Vehicle-Safety Responsibility Act, article 6701h, V.T.C.S., relating to compulsory liability insurance for certain vehicles. You are specifically concerned with whether rules promulgated by the Texas Department of Public Safety constitute the exclusive definition of what may be required to show compliance with the act and whether that definition is binding on all law enforcement officers in the state.

You indicate that there is a problem concerning what constitutes "evidence of financial responsibility" under the statute. See V.T.C.S. article 6701h, §§1A, 1B. See also sec. 1, subsection 10 (defines "proof of financial responsibility").

The legislature has specifically delegated the authority to the Department of Public Safety to administer and enforce the provisions of the Texas Motor Vehicle Safety Responsibility Act, as well as to make rules and regulations necessary for its administration. V.T.C.S. art. 6701h, §2(a).

Pursuant to this authority, the Department of Public Safety promulgated rule 201.13.00.021, 7 Tex. Reg. 206-7 (1982) to assist in defining what would constitute "information concerning evidence of financial responsibility" for purposes of sections 1A and 1B of article 6701h, V.T.C.S. The rule suggests:

> This evidence should include the name of the insured; effective dates of coverage; insurance company; policy number or certificate number; and

> the minimum amounts of financial responsibility required by statute, which may be a statement that 'the policy coverage meets the minimum amounts of financial responsibility required by statute,' or the actual policy limits.

This portion of the rule does not require that each named item of information be presented. The rule sets forth the following specific items which shall be acceptable as proof of financial responsibility:

> (1) insurance policy;
>
> (2) an instrument issued by the insurance company to be carried in the vehicle that confirms coverage;
>
> (3) department's letter acknowledging receipt of bond, certificate of deposit of money, or securities in the minimum amount of $25,000;
>
> (4) certificate of self-insurance issued by the department;
>
> (5) Railroad Commission cab cards --
>
> > (A) intrastate Railroad Commission cab card with a copy of the authority attached,
> >
> > (B) interstate ICC regulated carriers Uniform D cab card with Railroad Commission stamp attached,
> >
> > (C) interstate exempt carriers Uniform D1 cab card with Railroad Commission stamp attached;
>
> (6) copies of the aforementioned documents; and
>
> (7) other evidence such as an insurance binder which confirms to the satisfaction of the officer that the owner and/or driver is in compliance with the Safety Responsibility Act.

A review of this rule readily indicates that it is authorized and consistent with the department's statutory authority. Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex. Civ. App. - Austin 1962, writ ref'd). The rule clearly harmonizes with the general objectives of the statute. Gerst v. Oak Cliff Savings and Loan Association, 432 S.W.2d 702 (Tex. 1968); Jefco, Inc. v. Lewis, 520

S.W.2d 915 (Tex. Civ. App. - Austin 1975, writ ref'd n.r.e.). Accordingly, we find the rule to be a valid exercise of the department's rulemaking authority.

Although the Department of Public Safety is the only state agency authorized to promulgate rules under the act, any law enforcement officer in the state may request such information. V.T.C.S. art. 6701h, §1B. We believe the legislature delegated rulemaking authority solely to the department to provide uniformity in the administration and construction of the act. It therefore follows that the department's promulgation of the items set forth in this rule is binding upon all law enforcement officers in the state that are seeking information relating to financial responsibility under article 6701h, section 1B.

The items set forth as 1 through 6 of the rule are not exclusive because item 7 specifically authorizes the law enforcement officer to accept other evidence. The statute itself does not restrict the kind of evidence that an officer may accept. To the extent the owner and/or driver of the vehicle produces any of the specifically enumerated documents, this satisfies the statutory requirement and the officer may not require a more onerous production of proof than specified in the rule. In the event one of these specified documents is not produced, the officer is authorized to accept some other proof to the extent it confirms to the officer's satisfaction that the owner and/or driver is in compliance with the Act.

## S U M M A R Y

The rule promulgated by the Texas Department of Public Safety relative to what constitutes evidence of financial responsibility under the Texas Motor Vehicle Safety Responsibility Act is binding on all law enforcement officers of the state.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Thomas M. Pollan