

# The Attorney General of Texas

November 30, 1984

JIM MATTOX
Attorney General

Supreme Court Building
. O. Box 12548
ustin, TX. 78711- 2548
b12/475-2501
Telex 910/874-1367
elecopier 512/475-0266

714 Jackson, Suite 700
⁻allas, TX. 75202-4506
14/742-8944

924 Alberta Ave., Suite 160
l Paso, TX. 79905-2793
ᵥ15/533-3484

Texas, Suite 700
ʜ. ᵤton, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
06/747-5238

4309 N. Tenth, Suite B
⁻lcAllen, TX. 78501-1685
12/682-4547

⁻00 Main Plaza, Suite 400
an Antonio, TX. 78205-2797⁻
�ⰰ12/225-4191

ᵢn Equal Opportunity/
ᴧffirmative Action Employe⁻

Ms. Joyce A. Hammer
Executive Director
Board of Vocational Nurse
  Examiners
1300 E. Anderson Lane
Building C, Suite 285
Austin, Texas 78752

Opinion No. JM-236

Re: Whether the Board of Vocational Nurse Examiners may refuse to accept an application for renewal of an expired license when there is an unresolved allegation before the board that the applicant has been practicing without a current license

Dear Ms. Hammer:

You have requested an opinion about an issue of license renewal that has come before the Board of Vocational Nurse Examiners. You note that the act governing vocational nurses, article 4528c, V.T.C.S., states in section 10(a) that the board may refuse to issue or renew a license for any of the reasons listed therein, including "unprofessional or dishonorable conduct that, in the opinion of the Board, is likely to deceive, defraud, or injure the public." V.T.C.S. art. 4528c, §10(a)(9). You further inform us that Rule 231.81 of the Rules and Regulations of the Board of Vocational Nurse Examiners, promulgated under the authority of section 5(g) of article 4528c, defines "unprofessional conduct" as including "(6)(E) practicing vocational nursing in this state without a current Texas license." 22 Tex. Admin. Code §231.81 (1982). Based on these two considerations, you ask whether the Board of Vocational Nurse Examiners may refuse to accept an application for renewal of an expired vocational nursing license when there is an unresolved allegation before the board that the applicant has been practicing as a vocational nurse without a current license.

In our opinion, the board may not refuse to accept application for renewal of expired licenses on the ground that an unresolved allegation that the applicant has practiced under the expired license is pending before the board. Such action would be inconsistent with section 8 of article 4528c, V.T.C.S.:

> (b) The Board shall notify each licensee about the expiration date of the person's license at least 30 days before the expiration date. The

Board by United States mail shall send with the notice an application for license renewal to the licensee's address contained in the Board's records. A licensee whose completed application for renewal is received by the Board after the expiration date of the license shall be charged a late fee.

(c) If a person's license has been expired for not more than 90 days, the person may renew the license by paying to the Board the required renewal fee and a fee that is one-half the examination fee for the license. If a person's license has been expired for more than 90 days but less than two years, the person may renew the license by paying to the Board all unpaid renewal fees and a fee that is equal to the examination fee for the license. If a person's license has been expired for two years or more, the person may renew the license by complying with the requirements set forth in substantive rules adopted by the Board.

(d) If a person practices vocational nursing after the person's license has expired, the person is an illegal practitioner and the Board may suspend or revoke the license.

Section 8(c) of article 4528c, V.T.C.S., provides for automatic renewal of licenses expired for less than two years upon payment of renewal fees and late charges. If an applicant's license has been expired for two or more years, he may renew it by complying with requirements set forth in substantive rules of the board. Subsection 8(d) authorizes the board to suspend or revoke a license if the licensee has practiced after the expiration of his license. Under this section, the board may suspend or revoke a license automatically renewed under subsection 8(c) upon a finding that illegal practice has occurred. An unresolved allegation of illegal practice under an expired license does not constitute such a finding.

Section 10(a) states various grounds for which the board may refuse license renewal. These grounds include the following:

(1) violation of this Act or of any rule, regulation, or order issued under this Act;

. . . .

>   (9) unprofessional or dishonorable conduct
>   that, in the opinion of the Board, is likely to
>   deceive, defraud, or injure the public. . . .

We need not decide whether the board has authority under section 10(a) to delay license renewal to determine whether section 10(a) grounds actually exist. We believe that practice under an expired license is governed by section 8, which contemplates that automatic relicensing will not be delayed to resolve a charge of practicing under an expired license. The board may not promulgate a rule that is inconsistent with its enabling statute. See Kelly v. Industrial Accident Board, 358 S.W.2d 874, 876-77 (Tex. Civ. App. - Austin 1962, writ ref'd); Railroad Commission of Texas v. Fort Worth & D.C. Railway Co., 161 S.W.2d 560, 562 (Tex. Civ. App. - Austin 1942, writ ref'd w.o.m.). Thus, the board may not refuse to accept an application for license renewal merely because there is an unresolved allegation that the licensee has practiced under an expired license.

## SUMMARY

>   The Board of Vocational Nurse Examiners may not
>   refuse an application for license renewal under
>   section 8 of article 4528c, V.T.C.S., on the basis
>   of an unresolved allegation that the applicant has
>   practiced under an expired license.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood