Mr. Lawrence R. Jacobi, Jr., P.E. General Manager Texas Low-Level Radioactive Waste Disposal Authority 7701 North Lamar Blvd., Suite 300 Austin, Texas 78752
Re: Whether the board of directors of the Texas Low-Level Radioactive Waste Disposal Authority may designate by rule for use as impact assistance allocation not less than ten percent of the planning and implementation fees assessed and deposited to the low-level waste fund and related questions (RQ-267)
Dear Mr. Jacobi:
You have requested our interpretation of subchapter J, chapter 402 of the Health and Safety Code (the code), as it relates to impact assistance allocation and planning and implementation fees. Specifically, you ask the following three questions:
 (a) Does the [Texas Low-Level Radioactive Waste Disposal Authority's] Board of Directors have the statutory authority to order by rule that not less than 10 percent of those planning and implementation fees assessed and deposited to the low-level waste fund be set aside or designated for impact assistance?
 (b) If the answer to (a) is yes, when could such assistance funds be paid to affected political subdivisions?
 (c) If the answer to (a) is yes, what are the available financial and budgetary mechanisms available to the Authority, the State Comptroller, and the State Treasury to set aside this money?
As we believe the Texas Low-Level Radioactive Waste Disposal Authority's (the authority) Board of Directors (the board) lacks statutory authority to designate, for use as impact assistance funds, an amount not less than ten percent of the planning and implementation fees assessed and deposited to the low-level waste fund, we do not reach your second and third questions.
The legislature created the authority to take jurisdiction over selecting, preparing, constructing operating, maintaining, decommissioning, closing, and financing low-level waste[1]
disposal sites in the state. Health Safety Code subsection402.051, 402.052. Prior to the seventy-second legislature, the code required the authority to raise, from fees the authority collected pursuant to subchapter J. enough funds to pay its expenses. Acts 1991, 72d Leg., ch. 804, section 5, at 2816 (former Health Safety Code section 402.271, amended by Acts 1991, 72d Leg., 1st C.S., ch. 5, section 17.01). One of the fees subchapter J authorized the authority to collect was a waste disposal fee from every person who delivered low-level waste to the authority for disposal. Acts 1989, 71st Leg., ch 678, section 1, at 2778 (former Health Safety Code section 402.272, amended by Acts 1991, 72d Leg., 1st C.S., ch. 3 section 5.01). While the board was to set the waste disposal fee taking into consideration the volume of low-level waste delivered for disposal and the relative hazard each type of low-level waste delivered to the disposal presented,[2] id. (former Health Safety Code section 402.272(b), amended by Acts 1991, 72d Leg., 1st C.S., ch. 3, section 5.01), the board had to adopt a waste disposal fee rate sufficient to meet the board's expenses, including and amount designated for use as impact assistance allocation. Id. (former Health Safety Code section 402.273(a)_(4), amended by Acts 1991, 72d Leg., ch. 804, section 6); see infra pp. 2-3 (describing impact assistance allocation).
The legislature required the authority to provide funds for impact assistance allocation because the legislature recognized that the construction and operation of a low-level waste disposal site in or adjacent to as political subdivision[3]
would cause the affected subdivision to incur expenses for additional governmental services, public works projects, and planning. Accordingly, the impact assistance allocation ensures that funds are available for allocation to affected political subdivisions to compensate for impacts associated with the disposal site. Health Safety Code subsection 402.031(a) (creating citizen's advisory council), 402.051; see id. subsection 402.252-subsection 402.054 (establishing procedures by which citizen's advisory council shall prepare recommendation for distribution of impact assistance allocation). The code directed the board to designate as the amount of money available for impact assistance allocation an amount not less than ten percent of the annual gross receipts from waste received at the disposal site and not more than $300,000 annually from each generator of low-level waste.[4] Acts 1989, 71st Leg., ch. 678, section 1, at 2778 (former Health Safety Code section402.273(b), amended by Acts 1991, 72d Leg., ch. 804, section 6).
In 1991 the seventy-second legislature amended several provisions of subchapter J. Pertinent to the questions you pose, during its first called session the legislature passed House Bill 11, section 17.02 of which authorizes the board to collect a new kind of fee: planning and implementation fees. Acts 1991, 72d Leg., 1st C.S., ch. 5 section 17.02 (codified at Health Safety Code section 402.2721); see also Health Safety Code section402.272(a). The board is to collect planning and implementation fees from each person in this state (except health care providers and institutions of higher education) who is licensed to possess or sue radioactive material or to own or operate a nuclear power plant in this state.[5] Health Safety Code section402.2721(a).
Previously, during the seventy-second legislature's regular session, the legislature had passed House Bill 1757, see H.B. 1757, Acts 1991, 72 Leg., Ch. 804. House Bill 1757, among other things, created the low-level waste fund, and interest-bearing fund in the state treasury into which the authority must deposit all money it receives unless the money statutorily is directed elsewhere. Id. section 7 (Health Safety Code subsection402.275(a)-(c)). the authority must deposit waste disposal fees to the credit of the low-level waste fund, Health Safety Code section 402.275(c); the authority also must deposit planning and implementation fees into the low-level waste fund, except for a certain portion set by the code that the authority must use to reimburse the state's general revenue fund.[6] Id. section 402.2721(b)(4). the authority may use the monies in the low-level waste fund to pay any and all of its expenses, including the impact assistance allocation. Id. section 402.275(d).
The addition of planning and implementation fees to the monies the authority is authorized to receive and collect represents a new revenue source from which the authority can pay its expenses. See id. section 402.271. As the board must set waste disposal fees and planning and implementation fees in amounts sufficient to allow the board to reimburse itself, as closely as possible, for the present costs of administering, implementing, and planning the activities subchapter J authorizes, and to reimburse the state's general revenue fund as the code requires, id. section 402.272, the code creates and inverse relationship between the amount the authority must collect as waste disposal fees and the amount the authority must collect as planning and implementation fees.[7] thus, the proportion of the authority's total expenses that the board must raise as waste disposal fees decreases as the proportion of total expenses the board raises through planning and implementation fees increases. You assert that, as a consequence, the amount of money the authority receives annually as waste disposal fees will decrease.
In all of the amendments made during 1991, the legislature did not make substantive changes to section 402.273(b) of the code, but merely renumbered it as section 402.273(c) and changed a reference to a subsection that was also renumbered to the appropriate cite. Section 402.273(c) reads as follows:
 The amount required by Subsection (a)(3) [to compensate for impacts associated with the disposal site] and designated by the board as available for impact assistance allocation under this chapter may not be less than 10 percent of the annual gross receipts from waste received at the disposal site and may not exceed $300,000 a year for each generator of low-level waste. However, during periods of unusual volume generation caused by unscheduled refueling, unplanned outages, special maintenance, or system decontamination and decommissioning, the amount payable by the affected generator may not exceed $500,000 a year for two consecutive years.
Planning and implementation fees are not "receipts from waste received at the disposal site." Thus, according to the plain language of section 402.273(c), the minimum amount available for impact assistance allocation remains contingent on the amount the authority receives from waste disposal fees. With the drop you foresee in the amount of waste disposal fees received, you are concerned that the amount of money available for designation as impact assistance allocation will drop correspondingly.[8]
you contend that the legislature did not intend this result.
However, the language of section 402.273(c) is clear and unambiguous, and therefore will be enforced according to its words. Central Educ. Agency v. Independent School Dist. of City of El Paso, 254 S.W.2d 357, 360 (Tex. 1953). If the legislature had wished to amend subsection 402.273(c) to require the authority to designate for use as impact assistance allocation a certain percentage of the amount it receives from planning and implementation fees, it easily could have done so. hence, we conclude that the legislature intended exactly what it said: that the minimum amount of money available for impact assistance allocation be a percentage, no less than ten percent, of the amount of money the authority receives from waste disposal fees only.
You ask, therefore, whether the board may order by rule that ten percent of the amount of money the authority receives from planning and implementation fees be designated as available for impact assistance allocation. The legislature granted to the board the power to "adopt rules, standards, and orders necessary to properly carry out this chapter and to protect the public health and safety and the environment from the authority's activities." health Safety Code section 402.054. Administrative agencies have only those powers that expressly are conferred by statute, together with those necessarily implied from powers and duties expressly given or imposed. Attorney General Opinions JM-1102 at 2 (citing Cobra Oil Gas Corp. v. Sadler, 447 S.W.2d 887,892 (Tex. 1968); Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961)), JM-1017 at 3 (quoting Kelly v. Industrial accident Bd., 358 S.W.2d 874, 876-77
(Tex.Civ.App.-Austin 1961, writ ref'd)). On its face, subsection 402.273(c) of the code requires that the amount the board annual gross receipts from waste received at the disposal site, and less than $300,00 per year for each generator of low-level waste. Clearly, the board would contravene its authority if it were to designate as available for impact assistance allocation a percentage of the annual gross receipts from planning and implementation fees. Of course, the board may increase the amount available for impact assistance allocation by using a percentage greater than ten percent of the annual gross receipts from waste disposal fees, so long as the amount does not exceed $300,00 per year for each generator of low-level waste.[9] Health Safety Code section 402.273(c).
We note that while the plain language of the code does not permit the board to use the amount of gross receipts from planning and implementation fees to determine the amount of funds available for impact assistance allocation, the board may use planning and implementation monies to pay the impact assistance allocation once the board had designated the percentage of waste disposal fees received that will be available for impact assistance. See id. subsection 402.271 (authorizing authority to pay its expenses from fees it collects pursuant to subchapter J. Health Safety Code), 402.272(a) (requiring board to deposit waste disposal fees and planning and implementation fees into fund used to pay expenses of administering low-level radioactivity waste disposal activities), 402.275(c) (requiring authority to deposit all monies it receives pursuant to chapter 402, Health Safety Code, to credit of low-level waste fun), 402.275(d)(6)[10]
(requiring authority to use money deposited into low-level waste fund for, inter alia, impact assistance funds for affected political subdivisions), 401.306(b) (requiring the Department of Health to deposit planning and implementation fees to credit of low-level waste fun).
As we conclude that the board may not order by rule that ten percent of the planning and implementation fees assessed and deposited to the low-level waste fund be designated for use as impact assistance allocation, we need not answer the remaining two question you pose.
 SUMMARY
The board of directors of the Texas Low-Level Radioactive Waste Disposal Authority may not designate by rule for use as impact assistance allocation a percentage of the planning and implementation fees assessed and deposited to the low-level waste fund pursuant to subchapter J of chapter 402 of the Health 
Safety Code.
Very truly yours,
 DAN MORALES Attorney General of Texas
 WILL PRYOR First Assistant Attorney General
 MARY KELLER Deputy Assistant Attorney General
 JUDGE ZOLLIE STEAKLEY (Ret.) Special Assistant Attorney General
 RENEA HICKS Special Assistant Attorney General
 MADELEINE B. JOHNSON Chair, Opinion Committee
 Prepared by Kym Oltrogge Assistant Attorney General
[1] "`Low-level waste' means radioactive material that has a half-life of 35 years or less or fewer than 10 nanocuries per gram of transuranics, and may include radioactive material . . . with a half-life of more than 35 years" if the Texas Department of Health has established special criteria for disposal of that waste. Health Safety Code section 402.003(7).
[2] In determining the relative hazard a certain type of low-level waste presents, the board must consider the radioactive, physical, and chemical properties of each type of low-level waste. Health Safety section 402.272(c).
[3] A political subdivision, for purposes of subchapter J of chapter 402 of the Health Safety Code, means a municipality, county, hospital district, school district, water district, or other political subdivision of this state. Health 
Safety Code section 402.003(1).
[4] As we discuss alter, the source of the funds used for impact assistance allocation is the low-level waste fund; the funds used for impact assistance allocation do not come directly from waste disposal fees. See infra pp. 3-4.
[5] Pursuant to the rule making authority provided in section 402.054 of the Health Safety Code, on November 27, 1991, the board issued planning and implementation fees for this state's fiscal years 1992 and 1993. See Tex. Low-Level Radioactive Waste Disposal Auth., 16 Tex. Reg. 5718-5719 (1991), adopted 16 Tex. Reg. 7019 (1991) (codified at 31 T.A.V. subsection 450.1-450.4).
[6] During fiscal years 1991 and 1993, the bard must deposit at least $15 million of the amount it collects from planning and implementation fees into the general revenue fun for reimbursement purposes. Health Safety Code section402.2721(b)(1), (4).
[7] In addition to planning and implementation of fees and waste disposal fees, the authority may use the following revenues to pay its expenses: proceeds from the sale of bonds under subchapter K, chapter 402 of the Health Safety Code; contributions from members of a low-level waste compact entered into pursuant to the Health Safety Code section 402.219(c); surcharge rebates the United States Department of Energy made pursuant to Pub.L. No. 99-240; appropriations the state legislature made; and other receipts, fees, and interest earned in funds the authority has collected pursuant to subchapter J, Health Safety Code, and deposited into the low-level waste fund. Health Safety Code section 402.271(3) — (7). For purposes of this opinion, we only consider the relationship between planning and implementation fees and waste disposal fees.
[8] As we will discuss later, your concern that the amount of money available for designation as impact assistance allocation will drop is not necessarily the case. The board may designate an amount greater than ten percent of the total waste disposal receipts, so long as the amount is less than $300,000 annually for each generator of low-level waste. Additionally, the board may use planning and implementation fees to pay the impact assistance allocation. See generally infra p. 6.
[9] During periods of unusual volume generation caused by unscheduled refueling, unplanned outages, special maintenance, or system decontamination and decommissioning, the board may not exact from the affected a generator of low-level waste an amount greater than $500,000 per year for two consecutive years. Health Safety Code section 402.273(c).
[10] The seventy-second legislature amended section402.275, Health Safety Code, twice during its regular session. See Acts 1991, 72d Leg., ch. 804, section 7; id. ch. 14, section 148. As both amendments specify that the authority may use money in the low-level waste fund to pay impact assistance funds for affected political subdivisions, we need not discuss at this time whether the amendments harmonize or are irreconcilably repugnant. See Shults v. State, 696 S.W.2d 126, 131 (Tex.App.-Dallas 1985, writ ref'd n.r.e.) (quoting Wright v. Broeter, 196 S.W.2d 82, 85
(Tex. 1946) (stating rule that when construing acts passed during same legislative session, latter provision repeals former provision only if the latter provision expressly repeals former, or if provisions are irreconcilably repugnant)). the two amendments do number their subsection differently. In section 7 of chapter 804, the specification that money in the low-level waste fund may be used to pay impact assistance funds in numbered as Health Safety Code section 402.2175, subsection (d)(6); in section 148 of chapter 14, the same provision is numbered as Health Safety Code section 402.275, subsection (d)(7). We use the number of chapter 804, section 7.