

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 18, 1995

David R. Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-369

Re: Whether hospital facilities located at separate premises must be separately licensed (RQ-822)

Dear Dr. Smith:

You ask about licensure of hospitals by the Texas Department of Health ("TDH") under chapter 241 of the Health and Safety Code, the Texas Hospital Licensing Law (the "act"). Specifically, you ask:

> 1. Does TDH have authority, under Tex. Health and Safety Code Ann. § 241.023(c) to issue a license to a hospital for additional facilities operated as a part of a hospital that are located apart from the main premises?
>
> 2. Does TDH have authority under this statute to define "premises"?

Health and Safety Code section 241.023(c), about which you ask provides that TDH "may issue a [hospital] license only for the *premises* and person or governmental unit named in the application." (Emphasis added.) You suggest that subsection (c) indicates that the legislature contemplated that a "hospital" licensed under the act must operate from a single "premises," and that therefore TDH may not issue a hospital a license for additional facilities at separate premises.

The term "premises" as used in subsection (c) could refer to multiple as well as single locations.[1] It would not necessarily be inconsistent with the section 241.023(c)

---

[1]The term "premises," as used to mean "a tract of land with the buildings thereon" is technically the plural form of the noun "premise." *See* WEBSTER's NINTH NEW COLLEGIATE DICTIONARY 928 (1983). However, we are aware of no distinct form of the word consistently used for referring to a plurality of "premises" as distinct from one "premises." Thus, under an ordinary reading of subsection (c), section 241.023--which, again, provides that TDH "may issue a license only for the premises and person or governmental unit named in the application"--the term "premises" could include a plurality of "premises," that is, multiple locations, named in an application. Compare the provisions of the Alcoholic Beverage Code regarding "premises" permitted to sell alcohol, where it is clear that "premises" refers to a single location. For example, section 11.06 provides that "[n]o person may use a permit . . . except at the place, address, premises, or location for which the permit is issued . . . ."

provisions, or any other statutory provisions, for a license application to name as the hospital's "premises" more than one location, and for TDH to license the hospital at such multiple "premises." Section 241.022, providing for the license application, does not refer to "premises," nor do the act's definitions of "hospital."[2] We do not believe that the reference to "premises" in subsection (c) precludes TDH from issuing a hospital a license which includes facilities located apart from the main premises.

We note that the act requires licensure of each "hospital." *See* Health & Safety Code §§ 241.021 ("A person or governmental unit . . . may not establish, conduct, or maintain a *hospital* in this state without a license issued under this chapter."), .022(c) (TDH "shall require that each *hospital* show" indicated information on license application), .025 (TDH "shall charge each *hospital* an annual license fee") (emphasis added); *see also* Attorney General Opinion WW-794 (1960) at 3 ("All hospitals . . . must be individually licensed."). It would appear that the concern with the licensure of additional facilities at separate premises, which you ask about, should be whether the additional facilities should in fact be considered part of the same "hospital." Again, neither the act's definitions of "hospital" nor its other provisions indicate whether or under what circumstances separately located facilities should be considered to be part of the same hospital.

Under these circumstances, we believe that section 241.026(a) of the act, which grants TDH broad authority to "adopt and enforce rules . . . to further the purposes" of the act, empowers TDH to adopt rules further defining "hospital" as the term is used in

---

[2]The term "hospital," under the definition in section 241.003, subsection (6), "includes a general hospital and a special hospital." "General Hospital," under subsection (4), means an establishment that

> (A) offers services, facilities, and beds for use for more than 24 hours for two or more unrelated individuals requiring diagnosis, treatment, or care for illness, injury, deformity, abnormality, or pregnancy; and

> (B) regularly maintains, at a minimum, clinical laboratory services, diagnostic X-ray services, treatment facilities including surgery or obstetrical care or both, and other definitive medical or surgical treatment of similar extent.

"Special Hospital," under subsection (11) means an establishment that

> (A) offers services, facilities, and beds for use for more than 24 hours for two or more unrelated individuals who are regularly admitted, treated, and discharged and who require services more intensive than room, board, personal services, and general nursing care;

> (B) has clinical laboratory facilities, diagnostic X-ray facilities, treatment facilities or other definitive medical treatment;

> (C) has a medical staff in regular attendance; and

> (D) maintains records of the clinical work performed for each patient.

the act for purposes of the requirement that each "hospital" be licensed. We believe that such rules may make location of facilities with respect to each other a factor in determining whether the facilities should be considered part of the same hospital for licensure purposes. Such rules may also define the term "premises" as used in the act. Any such rules, however, "may not impose additional burdens, conditions or restrictions in excess of or inconsistent with the statutory provisions." *Kelly v. Industrial Accident Bd.*, 358 S.W.2d 874, 876 (Tex. Civ. App.--Austin 1962, writ ref'd n.r.e.). Also, agency rules must be "reasonable." *See, e.g., Allstate Ins. v. State Bd. of Ins.*, 401 S.W.2d 131 (Tex. Civ. App.--Austin 1966, writ ref'd n.r.e.).[3]

## S U M M A R Y

Under the Texas Hospital Licensing Law, Health and Safety Code chapter 241, separate hospitals must be separately licensed. The Department of Health may adopt reasonable rules consistent with the Hospital Licensing Law which define the term "hospital" for purposes of the requirement that each hospital be licensed, and may make the proximity of facilities a factor in determining whether such facilities should be considered one "hospital."

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

[3]You indicate that TDH had proposed rules which (1) provided that a "license shall be issued only for the . . . premises named in the application," (2) defined the term "premises" as "contiguous buildings at the same location and street address and under common direction," and (3) declared that a "license shall not be extended to other locations for inpatient services, outpatient services, or any other services." We understand that the proposed rules have now been withdrawn.